GERARD C. BRANDON, PLAINTIFF IN ERROR, *v.* RALPH W. LOFTUS AND FLOYD WHITEHEAD, DEFENDANTS.

Under the statutes of Mississippi, providing for the admission of the evidence of a notary public with regard to a protested note, directing the form of proceeding which the notary shall pursue, and providing further that justices of the peace may, in certain cases, perform the duties of notaries public, it was proper to read in evidence the original paper of the acting notary, although the record was made out at a time subsequent to that when the protest was actually made.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the Southern District of Mississippi.

It was an action brought by the indorsee against the indorser of a promissory note, under the following circumstances.

On the 12th of December, 1838, the following note was executed : —

*Fort Adams, December 12th,* 1838.

On the first day of January, A. D. 1841, we jointly and severally promise to pay Gerard C. Brandon, or order, the sum of two thousand six hundred and sixty-seven dollars, value received, without plea or offset, payable and negotiable at the Planters' Bank of the State of Mississippi, at Natchez.

(Signed,)     WILLIAM C. COLLINS,
JOHN C. COLLINS.

(Indorsed,) "Gerard C. Brandon," "Loftus & Whitehead."

The note was passed by the indorser, Brandon, to Loftus and Whitehead, who were citizens of Virginia. It fell due upon the 4th of January, 1841, and was not paid. In February, 1841, Loftus and Whitehead brought a suit against Brandon, and the cause came on for trial in June, 1842. Upon the trial, the plaintiffs offered in evidence the following paper, which was objected to by the defendant; but being admitted, the defendant took a bill of exceptions, which is the only one in the record, viz. : —

The plaintiff then, without any further proof, offered to read to the jury, as evidence of the protest of said note, and to show notice, a certificate of James K. Cook, which was contained in a loose, detached piece of paper, partly written and partly printed, which certificate is in the words and figures following, to wit : —

STATE OF MISSISSIPPI, *Adams county :*

I, James K. Cook, justice of the peace and *ex officio* notary public in and for said county, residing in the city of Natchez, qualified according to law, do hereby certify that, on the 4th day of January, in the year 1841, I went to the Planters' Bank of the State of Mississippi, in Natchez, and then and there presented for payment the original note, of which the following is a true copy, together with the indorsements on the back of said note :

*Fort Adams, December 12th,* 1838.

On the first day of January, A. D. 1841, we jointly and severally promise to pay Gerard C. Brandon, or order, the sum of two thousand six hundred and sixty-seven dollars, value received, without plea or offset, payable and negotiable at the Planters' Bank of the State of Mississippi, at Natchez.

WILLIAM C. COLLINS,
JOHN C. COLLINS.

(Indorsed,) " Gerard C. Brandon," " Loftus & Whitehead."

And I then and there demanded payment of the said note according to its tenor and effect, and was answered by the teller of the said bank that the said note would not be paid, and that no funds were deposited in said bank for that purpose ; and the said note was not paid by any person when payment thereof was demanded as aforesaid. Whereupon I protested said note for nonpayment, and notified the parties thereto of said demand, nonpayment, and protest, and that the holder of said note looked to them for payment thereof, which notices were given at the times, and addressed to and directed in the manner following, to wit : — To Gerard C. Brandon, at Fort Adams, Miss. To Gerard C. Brandon, at Pinckneyville, Miss. To Gerard C. Brandon, at Woodville, Miss. To W. C. and J. C. Collins, at Concordia, Louisiana.

All of which notices, directed to the parties respectively as aforesaid, were placed by me in the post-office at Natchez in time to go

out by the first mail of the day next succeeding that on which said note was protested as aforesaid.

Which facts constitute, as herein set forth, a full and true record of all that was done by me in the premises.

In testimony whereof I have hereunto set my hand and affixed [L. s.] my official seal this 27th day of January, 1841.

JAMES K. COOK, *J. P. Notary.*

STATE OF MISSISSIPPI, *Adams county:*

Personally appeared before the undersigned justice of the peace for the county aforesaid, James K. Cook, a justice of the peace and *ex officio* notary public, whose name is signed to the foregoing, and made oath that the same is a true statement, in substance and in fact, of his official acts and doings altogether in relation to the premises. JAMES K. COOK.

Sworn to and subscribed before me, this 27th day of January, 1841. M. ROBETAILLE, *J. P.*

To the admission of which as evidence to the jury the counsel of defendant objected, but the court overruled the objection, and permitted said certificate to go to the jury as evidence of its contents ; to which decision of the court, in then and there admitting said certificate, and permitting it to be read in evidence, the counsel for the defendant excepted, and reserved his exception. He therefore prays that this his bill of exceptions may be signed, sealed, and made a part of the record ; which is done accordingly.

J. McKINLEY. [SEAL.]

To review this decision of the Circuit Court, a writ of error brought the case up to this court.

It was argued by *Mr. Mason* (Attorney-General), for the plaintiff in error, and *Mr. Robert J. Brent,* for defendants.

Mr. Justice CATRON delivered the opinion of the court.

The only question in this case is, whether a notarial act of protest was properly admitted in evidence to fix an indorser on a negotiable note payable in bank.

The statute of Mississippi (H. & H. Digest, 609, sec. 33) provides, that in all cases where it may be necessary to have the testimony of a notary public in any suit touching a protested note, bill of exchange, or other instrument, the official act of such notary, certified under his hand and attested by his notarial seal, shall be deemed, held, and taken to be conclusive evidence of the protest of such note, bill, or other writing on the day it purports to have been made ; and the notary shall not be required to go beyond the limits of the county of his residence to give evidence of the facts. The foregoing provision declares the force and effect of the instrument.

Brandon *v.* Loftus et al.

And then, the statute prescribes its form. When a notary shall protest an instrument, " he shall make and certify on oath a full and true record of what shall have been done thereon by him in relation thereto, according to the facts, by noting thereon whether demand for the sum of money mentioned in the same was made, of whom, and where ; when the requisite notice or notices were served, and on whom ; where the same were mailed, if such be the case, when mailed, to whom and where directed ; and every other fact in any manner touching the same shall be distinctly and plainly set forth in the notarial record ; and when so made out and certified, it shall have the same validity, force, and effect in all courts of record in that State, as if the notary were personally present and interrogated in court." ·

Justices of the peace are authorized to perform the duties of notaries, in particular instances, by another statute of Mississippi ; and this notarial act was made by a justice of the peace.

The note on which the protest was founded was due the 4th of January, 1841, payable and negotiable at the Planters' Bank, at Natchez ; made by William C. and John C. Collins, to Gerard C. Brandon, and indorsed by him ; and who is the plaintiff in error, and was the defendant below. Three duplicates of notice are stated to have been sent by mail to Brandon to different places. An objection was made in the Circuit Court to receiving the notarial act in evidence for any purpose, because it purports to be a record, original and of itself ; and not a copy of a record from the notary's book ; which, it is insisted, it ought to be, and could only be.

After setting forth the facts of demand at the bank, and the answer of the teller, that the note would not be paid, because no funds had been deposited for such purpose, and that a formal protest for nonpayment had been made, and also the fact of forwarding the notices, the notary says, — " Which facts constitute, as herein set forth, a full and true record of all that was done by me in the premises." To this is affixed the notarial seal, signature, and affidavit of the notary. It was done on a separate paper, partly printed and partly written ; and offered in evidence as a record of the notarial act within the meaning of the statute above recited.

In our opinion, the legislation of Mississippi is distinct and certain ; it had reference to the usage of notaries public generally, when making protests and giving notices ; that usage we understand to be, for the notary to make the demand and give the notice, and after doing so, to write out the facts in his memorandum-book, or to preserve them otherwise ; and from these facts the record contemplated by the statutes is made up ; and so it was done in this instance, both in substance and form. To the paper having the official seal and affidavit of the notary attached, the legislature refers ; and not to any previous writing.

It is supposed the case of Fleming *v.* Fulton (6 Sto. Mi. Rep.

473) gives a different construction to the statute.    The objection to the record of protest there was, that it had not been made out and sworn to at the time the protest was made ; and such is the fact in the case before us ; but the court held that the record might well be made subsequently, and this for reasons, as we think, too obvious to require explanation.    Nor do we understand either of the remarks made by the High Court of Errors and Appeals of Mississippi in any degree impugned by our construction of the statute. The judgment is therefore ordered to be affirmed, with costs.