Mr. Justice Thacher
delivered the opinion of the court.
Writ of error to Yalabusha county circuit court.
In a trial of the right of property in certain slaves, Melton, the plaintiff in execution below, claimed to subject the property to his execution, by virtue of the lien which its judgment upon a forthcoming bond of date the 10th day of September, 1838, had established. Talbert, the claimant, held the property by purchase under two judgments against the same defendant, one of date the 21st day of September, 1838, and the other of date the 12th day of March, 1839. The forthcoming bond aforesaid and the execution, upon which it purports to have originated, were returned into the court below, but neither the one nor the other contains any certificate or return by the sheriff of the forfeiture of the bond. On the 18th day of March, 1839, a fieri facias on the forthcoming bond was returned by the sheriff with the words, “ money not made by order of the plaintiff.” The defendant in all the above named judgments, filed his petition in bankruptcy on the 24th day of November, 1842, was decreed a bankrupt on the 2d day of January, 1843, and received his final certificate on the 24th day of April, 1843. The execution, from whence arose this trial of the right of property, issued on the 26th day of June, 1843, and the levy under it was made on the 14th day of September, 1843. There is no evidence in the record that the judgment upon the aforesaid forthcoming bond had been duly enrolled upon the judgment roll of the court, where it was rendered. The bond for this trial of the right of property, was filed by the claimant on the 14th day of September, *24 1843, and a judgment rendered in favor of the plaintiff in the execution below, the defendant in error here, on the 15th day of November, 1844.
From the foregoing abstract of the facts presented in the record cof this case, it will be seen that several questions are presented for the consideration of this tribunal. These are the effect of the omission of the sheriff to make a return of forfeiture upon the forthcoming bond, or upon the execution from which it arose ; the effect upon a junior judgment of the language of the return of an execution emanating from its senior judgment, as described in the above abstract; the effect of the decree of bankruptcy in favor of the defendant, in the various judgments involved in this case, and the effect of the absence of the affirmative proof of the enrolment of the judgment, rested upon by the plaintiff in the execution below, in the judgment roll of its court.
Upon the first point, it is to be observed that the omission of the sheriff to make the return of forfeiture upon the forthcoming bond or its parent execution, is claimed for error, and not the circumstance that the bond was thereby void, or was not, in point of fact, forfeited. The statute, H. & H. 653, § 73, does not require any indorsement of its forfeiture by the sheriff upon the bond itself. It requires, in the event of actual forfeiture, its return into court with the execution upon which it was based. Barker et al. v. The Planters Bank, 5 How. 566. If, on the other hand, the bond be not forfeited, it need not be returned into court at all. Under such circumstances, it becomes the property of, and should be delivered up to its obligors. The statute being silent in reference to the precise mode of certifying the forfeiture of a forthcoming bond, or indeed, of the mode of apprizing the court of such a fact, the return of an execution, without a verbal return, accompanied by a forthcoming bond evidently emanating from such execution, is prima facie evidence of its forfeiture, because still in the hands of the officer, and therefore is a sufficient return in the first instance, until rebutted. The validity of a sheriff's return, upon a forthcoming bond, being liable to be rebutted, (Williams v. Crutcher, 5 *25 How. 71,) it is therefore a question of fact, which may be raised upon circumstances, as well as upon official statements or verbal returns. A return by the sheriff, upon an execution, of bond taken and forfeited, unaccompanied by the forthcoming bond itself, would be bad, because the statute compels the return of the bond ; but an actual return of the bond with the execution, but without a verbal return of forfeiture, is tantamount to evidence of forfeiture, until the contrary be made to appear, and is all the statute seeks to ascertain. Again, in connection with this point it is proper to add, that in Shields et al. v. Graves, Executor, 6 How. 262, this court has said, that “the return constitutes no part of the bond, and a defective return of the sheriff or no return at all, will not justify the quashing of a good bond. It might afford a reason for quashing the execution, which purports to emanate on a forfeited bond.” A motion to such an end, if it could prevail, could only when seasonably made, and as between the parties to the original action or judgment, because it is settled, that a purchaser under an irregular or voidable execution, is not prejudiced for that reason. Mitchell v. Evans, 5 How. 548. It is‘also to be noted here, that the objection has been seized by counsel, that the forthcoming bond in this case was executed on the 7th day of September, and is-conditioned for the return of the property described therein on the 10th day of September, while the levy of the execution, set up as the parent of the forthcoming bond, shows a date of the 17th day of September of the same year, and the discrepancy is insisted upon as a palpable inconsistency, and as demonstrating an entire disconnection between the instruments. A more impartial view, however, of the bond and levy, will discover enough of substance to trace their relationship, and to establish the belief that the date of the return is a mere clerical error. The property levied upon, for instance, and the property described in the bond, are identical beyond mistake, and a recital in the bond shows that the levy must have taken place at latest upon the same day with the date of the bond.
The next question for consideration is the effect of the sheriff’s return upon the execution, issued on the forfeited forth *26 coming bond, and in the terms, “ money not made by order of the plaintiff.” It is well settled in this state, as well as elsewhere of authority, that a sale under a junior judgment, is void as against an elder one, and that the property is still subject to be seized in satisfaction of the prior judgment. It is equally well settled, that the lien created by a judgment may lose its priority by the act of the judgment creditor himself. The same principle that gives a prior judgment a right to a prior satisfaction, requires that this security should be pursued with as little delay as possible in view of later judgment creditors. It may be lost by gross negligence or delay, as, for instance, by giving time to the defendant in the prior judgment; but the showing for the purpose of defeating a prior lien, must come from the party who wishes to defeat it. Michie v. The Planters Bank, 4 How. 130; Robinson et al. v. Green et al. 6 How. 223. It has just been said, that the laches, by means of which the lien of a prior judgment will be lost so as to transfer the priority to its junior, must be the act of the plaintiff himself; and hence it follows, that the mere indulgence or negligence of the sheriff to proceed and sell, without any act' of the plaintiff, will not render an execution dormant as to subsequent executions. Russell v. Gibbs, 5 Cowen, 390. In the case before us, the only showing to establish the charges of plaintiff’s laches is, the return of the sheriff, that the money was not made by the order of the plaintiff, which is confirmed by the sheriff’s testimony to the same effect. It is the duty of the sheriff to make the money upon an execution in his hands if he can, unless checked by the plaintiff, who interrupts the consummation of process at the peril of his lien, if there be outstanding prior judgments against the same defendant. Such is the duty of the sheriff, but these requirements of the law from a sheriff would be inoperative, if he be allowed to rest conclusively upon his return, although confirmed by his own evidence to justify an omission in the performance of his duty. The recognition of such principle would, in effect, authorize a sheriff to make evidence for himself in any such contingency, and thus violate a fixed, as well as most obvious rule of evidence. The return of a sheriff is not *27 clothed with such solemnity as to make it competent evidence, in all cases, of the truth of the statement it contains. Rowand v. Gridley, 1 How. 210. With this view of the law, the conclusion is deduced, that the showing to establish the plaintiff’s laches was insufficient. It cannot either, with legal propriety, be urged, that because the plaintiff failed to challenge this return of the sheriff, that he thereby recognized its truth in point of fact. The only legitimate deduction from that circumstance is, that the plaintiff did not see fit to exercise his remedy against the sheriff, which is always a matter of his own option. But this delay could not have prejudiced the claimant; it occurred after he had purchased the property under the junior execution. For the same reason, it was not a fraud, or the evidence of fraud as to him, or the plaintiffs in the junior executions.
It is next to be inquired, what was the effect of the bankruptcy of the defendant in the execution below, upon the judgment whose lien is sought to be enforced by its plaintiff in the execution. The lien accrued upon the 10th day of September, 1838, and, as we have seen, was not lost by any act of the plaintiff up to the 24th day of November, 1843, the date of the defendant’s final decree in bankruptcy, and therefore so remained unless annihilated by that act of that defendant. It seems sufficient to say upon this point, that the lien upon the property in question, being valid by the laws of this state, and having accrued before any act of bankruptcy or petition by the judgment debtor, continued to hold its security upon the property, because it is within the provision of the second section of the bankrupt act of August 19th, 1841, which declares that nothing in the act shall be construed to annul, destroy or impair any liens which may be valid by the laws of the states respectively. And there is nothing in this case to show that the subject of this lien was before the bankrupt court.
The last point called to our notice, in this case is, that the record does not show that the judgment upon the forfeited forthcoming bond, had been enrolled upon the judgment roll of the court in which it was rendered. It is true that the record is *28 entirely silent on this subject, but so is also the bill of exceptions taken to the ruling of the court below in refusing to grant the claimant’s motion for a new trial. It does not appear by this bill of exceptions, that this objection was made in the progress of the trial below, nor does the bill of exceptions purport to set out all the evidence adduced upon that trial. This court cannot, therefore, undertake to adjudicate upon a question which was not a subject of decision in the case below, or which is not presented by the record in a proper form. Byrd v. The State, 1 How. 163.
Judgment affirmed.