## Case No. 3,888.

### DIBBLEE et al. v. FURNISS et al.

[4 Blatchf. 262.][1]

Circuit Court, S. D. New York. Jan. 11, 1859.

FEDERAL COURTS—FOLLOWING STATE LAWS—PARTIES AS WITNESSES.

Under the 34th section of the judiciary act of September 24, 1789 (1 Stat. 92), which provides, that "the laws of the several states, except where the constitution, treaties or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision, in trials at common law, in the courts of the United States, in cases where they apply," the law of a state allowing a party to a suit to be examined as a witness on his own behalf, is a rule of decision to guide the judgment, and not a rule of practice, and must be adopted as a rule in this court.

[Cited in Gravelle v. Minneapolis & St. L. Ry. Co., 16 Fed. 436.]

In this case, which was an action at common law, on the trial before INGERSOLL, District Judge, and a jury, one of the defendants was offered as a witness for the defendants [James E. Furniss and others]. An objection was made, on the part of the plaintiffs [Henry E. Dibblee and others], to the admissibility of the testimony.

William M. Evarts, for plaintiffs.
Charles O'Conor, for defendants.

INGERSOLL, District Judge, referring to the case of Wayman v. Southard, 10 Wheat. [23 U. S.] 1, 24, said that, under the 34th section of the judiciary act of September 24, 1789 (1 Stat. 92), which provides that "the laws of the several states, except where the constitution, treaties or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision, in trials at common law, in the courts of the United States, in cases where they apply," he should hold that state laws prescribing rules of practice could not be regarded in this court, but that the law of New York allowing parties to be examined as witnesses in their own behalf. on ten days' notice of the points on which they were to give testimony, must be considered to be a rule of decision to guide the judgment, and not a rule of practice, and must, therefore, be adopted as a rule in this court. He said that he had made a like decision in the circuit court of the United States for the Connecticut district, in reference to a statute of Connecticut, which was, in substance, the same as the statute of New York, except that no notice of the examination of a party to a suit was required to be given, and that such decision

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

had been concurred in by Mr. Justice Nelson. He, therefore, allowed the witness to be examined on behalf of the defendants.