## E. VIRDEN ET AL. *v.* J. ROBINSON ET AL.

JUDGMENT.   *Priority.   Stay of execution.   Notice to levy.*

Without even a notice to levy, under Code 1871, § 830, a junior judgment will take the proceeds of goods which are seized and sold thereunder pending a stay of execution which attended one of earlier date.

APPEAL from the Circuit Court of Madison County.

Hon. S. S. CALHOON, Judge.

Judgment with stay of execution for one year was rendered, on Sept. 27, 1880, for the appellees against W. E. Yancy, by consent and upon his acknowledgment in open court of the debt evidenced by his note filed with the declaration.   Judgment by default was given on March 30, 1881, in favor of the appellants against the same defendant.   In like order the judgments were enrolled.   Under an execution on the latter, property was seized, and sold on July 4, 1881, for less than the debt.   Upon the sheriff's motion for application of the proceeds, the court directed that, after paying costs in the appellants' case, the balance should be appropriated to the payment of the appellees.

*M. Green*, for the appellants.

This case involves a construction of the statute relating to the lien of enrolled judgments, Code 1871, § 830; Code 1880, § 1737. Stay of execution in the face of a judgment beyond the sale under a junior judgment postpones the former. *Michie* v. *Planters' Bank*, 4 How. 130; *Foute* v. *Campbell*, 7 How. 377; *Doe* v. *Ingersoll*, 11 S. &. M. 249; *Mobile & Ohio Railroad Co.* v. *Trotter*, 36 Miss. 416. The clause requiring notice to older " creditors in execution " to levy is inapplicable, for execution under this judgment, which directs that none shall issue, would be void. *Milliken* v. *Brown*, 10 S. & R. 188. A stay is failure, neglect, and refusal to sue out execution within the purview of the statute. The appellees' judgment is not an office confession; but, in a suit, the judgment was rendered by consent. Sections 827, 828, therefore, do not apply. An office confession of judgment, however, is governed by § 830, and would be postponed by stay of execution.

*Shelton & Shelton*, for the appellees.

The statute concerning judgments, Code 1871, c. 8, art. 14, sanctions, by § 828, a judgment like the appellees', with stay of execution; by § 829, directs its enrolment; by § 830, gives it a lien from its date, and also priority; by § 831, releases from it property sold under a junior judgment; by § 832, requires money made under a subsequent execution to be applied to it; and by § 837, prohibiting execution during the stay, allows, by § 838, a year and day thereafter within which one may issue. Except the prohibition of execution during the stay and the time to issue it afterwards, this judgment stands, under the statute, on the footing of others. The clause of § 830, as to creditors who " fail, refuse, or neglect " to sue out execution, is an exception to the rule which controls all judgments, and the proviso requiring ten days' notice to levy applies to the exception. This case is not within the exception, because the appellees have omitted nothing which they had power to do; and, if it were, the appellants have not complied with the proviso. It is, therefore, governed by the general rule. Priority of enrolment, and not the levy and sale, must in this instance control.

COOPER, J., delivered the opinion of the court.

It is contended by the appellees· that they are entitled to the fund by reason of the provisions of the Code of 1871, governing the enrolment, lien, and priorities of judgments. Before looking to the statute, let us examine somewhat the position which the parties would occupy in the absence of the statutory regulations and their relative rights and duties. Judgments are the sentences of the law on the facts, and usually, if not universally, declare that the defendant ought at once to deliver to the plaintiff the subject of the litigation, or pay the money found to be due to him. The liens of judg-· ments are given to prevent alienations of the property subject to them, until it can be subjected to sale ; and executions are the means by which the property is converted into money for the satisfaction of the judgments. Though sometimes used for those purposes, judgments are not intended as securities for the ultimate performance of agreements or future payments of money ; on the contrary, they are decisive of the fact that the plaintiff ought at once to have the fruits of the controversy.

As long as the rights of third persons are not affected thereby, the process of execution may be arrested at any stage ; but a different rule is applicable when the suspension of the process interrupts and suspends the process of other judgment creditors, who are also entitled to subject the property of the defendant to the satisfaction of their claims. While, as a general rule, junior judgment creditors cannot complain of the mere non-action of the senior judgment creditor, it has been said that where the delay in suing out execution is so great that fraud may be inferred, the lien of the older will be postponed to that of the junior judgment. *Foute* v. *Campbell*, 7 How. 377. It is, however, well settled, that the active interference of the senior creditor in preventing the levy of his execution, or in staying proceedings on it, will postpone his lien to that of other judgment creditors, whose liens have attached pending the suspension of the older judgment. *Michie* v. *Planters' Bank*, 4 How. 130 ; *Porter* v. *Cocke*, Peck (Tenn.), 30. In the former case, it is said: " When, therefore, the law gives to a prior judgment a right

to a prior satisfaction, it intends that this favor shall be pursued with as little delay or injury to other creditors as possible. It may be lost by laches." "If the lien created by the law in this case be merely a security, and confers no *jus ad rem*, it may be lost by any agreement or act of the judgment creditor which would discharge the liability of a surety under an ordinary contract." It is difficult to conceive how the provision for a stay of execution inserted in the judgment is in any way less injurious to subsequent creditors than would be an agreement made after the rendition of the judgment. It would seem that if both are equally injurious, and against the right of junior judgment creditors, the same consequences should be visited on both.

We should, therefore, be disposed to decide that, when the statute confers a lien upon a judgment creditor taken with a stay of execution, it would not, as against subsequent judgment creditors, take effect until the expiration of the time in which the right of execution is suspended. But it was decided in *Pickett* v. *Planters' Bank*, 5 S. & M. 470, that the lien of a judgment taken with a stay of execution, under the twelfth section of the act of 1824, entitled "An Act further to extend relief to Debtors," was not postponed to that of a junior judgment taken pending the stay. By this act liens were first conferred upon judgments from the date of their rendition, and the lien was given in a proviso to a section providing for the rendition of judgments with stay of execution. Because of the context, it was for a long time thought by the profession that the lien was confined to judgments by confession. This act, as its title indicates, was passed for the relief of debtors. Its object was to delay, not to expedite, the collection of debts. It was the principal of a series of legislative acts which made judgments not the end but the beginning of litigation.

By the Code of 1871, § 828, judgments may be taken with stays of execution, which are "as binding and obligatory as judgments rendered in any other form." By § 829, the clerks of the Circuit Courts of the several counties are required to enrol all judgments rendered within ten days after the adjournment of the term. Section 831 provides that in all cases purchasers at exe-

cution sale shall take the property discharged of all judgment liens, whether the sale be under an execution issued under the elder or junior judgment.  Sections 830 and 832 are as follows : " § 830.  All judgments and decrees so enrolled shall be a lien upon and bind all the property of the defendant or defendants, within the county where so enrolled, from the rendition thereof, and shall have priority, according to the order of such enrolment, in favor of the judgment creditor, his representatives or assignees, against the judgment debtor or debtors, his, her or their representatives, and purchasers, or mortgagees from said judgment debtor or debtors ; and no judgment shall be a lien on any property of the defendant or defendants thereto, unless the same shall be enrolled in the manner herein directed.  But the priority of lien provided for in this section shall not extend to judgment creditors, who fail, refuse or neglect to sue out execution for the satisfaction of his, her or their judgment or judgments, until a junior judgment creditor has, by due diligence, caused his execution to be levied upon the property of the defendant ; but in all such cases, the sale by the sheriff or other officer shall vest the title of the defendant or defendants in the purchaser, and the proceeds of such sale shall be applied to the satisfaction of the junior judgment creditor : *provided*, that before said junior creditor shall cause a levy to be made, he shall give notice to older creditors in execution, that unless they proceed in ten days to levy, he will proceed ; and in that case, he shall have a preference under his levy."  " § 832.  After the sale of any property by the sheriff or other officer on execution, before the money is paid over by him, he shall examine the ' Judgment Roll,' to ascertain if there be any elder judgment or judgments, decree or decrees, enrolled against the defendant or defendants in said execution, having a priority of lien ; and if there be, he shall apply the proceeds of such sale to such elder judgment or decree, so having priority of lien, and return such application upon the execution on which such sale shall have been made.  But should there be any dispute as to which judgment or decree has the priority of lien, then such officer shall make a statement of the fact of such dispute, and return the same, with the execution and the money raised

thereon, into the court to which the same is returnable, and the court shall, on motion and examination of the facts, determine to whom the money so raised on execution shall be paid."

It will be seen that the lien given by the statute does not extend to a creditor who fails, neglects, or refuses to sue out execution until a junior judgment creditor' has by due diligence caused his execution to be levied on the property of the defendant. But to entitle the junior creditor to priority, he must, before causing his execution to be levied, give to the older creditor in execution notice requiring him to levy within ten days. This notice is required to be given in order that the senior creditor may preserve his priority by causing his execution to be levied. But a creditor who has no right to execution on his judgment cannot retain his lien by suing out execution, and the statute makes no provision requiring notice to be given to him. He is a judgment creditor, but not an execution creditor, and to the latter alone are notices required to be given. As against the judgment debtor, his representatives, and purchasers or mortgagees from him, the lien exists from the date of the rendition of the judgment. This lien is absolute and unconditional. But as against subsequent judgment creditors, it exists only on condition that it shall be enforced. One who, after the rendition of his judgment, either by contract or negligence, loses his right to enforce his judgment, subordinates its lien to that of a junior creditor who during that time causes his execution to be levied, and there is no difference in principle between the condition of such a creditor and one who, at the time of the rendition of his judgment, contracts for its suspension. The rights of both must be governed by the same rule. To permit the priority of the judgment taken with a stay of execution to be enforced against a junior creditor who has levied his execution pending the stay, would be to give to such judgment a more binding and obligatory effect than is given to other judgment creditors occupying the same position. This the statute does not permit. The same force and effect are to be given to each, and that which postpones the lien of one equally postpones that of the other. It will be noted that the priority of the

junior judgment is not acquired by its enrolment. It is by the levy of the execution that priority is acquired, and the rights of the parties are to be tested by the condition of things at that time. In the case at bar, though the stay of execution on the appellees' judgment had expired at the time when the order appropriating the fund was made, it was still existing when the execution of the appellants was levied, and this fixed their right to priority of satisfaction out of the fund.

*Judgment reversed, and judgment here for the appellants.*