GRAVELLE *v.* MINNEAPOLIS & ST. LOUIS RY. Co.

*(Circuit Court, D. Minnesota.   January, 1882.)*

STATE STATUTE AS RULE OF DECISION—SECTION 721, REV. ST.—ADMISSION OF DEPOSITIONS.

Where depositions taken to be used in an action in a state court that has been dismissed would be admissible as evidence under the statute of the state in another suit subsequently brought, and such second suit, after being brought, has been removed from the state court into the United States circuit court, under the provision of section 721 of the Revised Statutes, such depositions are admissible in the circuit court.

At Law, for personal injuries.

*C. K. Davis,* for plaintiff.

*James D. Springer,* for defendant.

McCRARY, J.    Section 721 of the Revised Statutes of the United States provides that the laws of the several states, except where the constitution, treaties, or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision in trials at common law in the courts of the United States in cases where they apply.    This provision embraces and requires the federal courts to follow the statutes of the several states which prescribe rules of evidence, except where otherwise provided by the federal constitution or

laws. *McNiel* v. *Holbrook*, 12 Pet. 84; *Vance* v. *Campbell*, 1 Black, 427; *Wright* v. *Bales*, 2 Black, 535; *Dibblee* v. *Furniss*, 4 Blatchf. 262; *Haussknecht* v. *Claypool*, 1 Black, 431; *Lucas* v. *Brooks*, 18 Wall. 436; *Best* v. *Polk*, 18 Wall. 112; *Sims* v. *Hundley*, 6 How. 1; *Brandon* v. *Loftus*, 4 How. 127; *Palmer* v. *Low*, 98 U. S. 1.

Section 29, c. 73, St. Minn., provides that "when the plaintiff in any action discontinues it, or it is dismissed for any cause, and another action is afterwards commenced for the same cause between the same parties, or their representatives, all depositions lawfully taken for the first action may be used in the second, in the same manner and subject to the same conditions and objections as if originally taken for the second action: provided, that the deposition has been duly filed in the court where the first action was pending, and remained in custody of the court from the termination of the first action until the commencement of the second."

This statute will be followed as a rule of decision in this court in accordance with the long line of adjudications above cited. This renders it unnecessary to decide whether the same ruling is required by the provisions of section 914 of the Revised Statutes of the United States.

The objection to the depositions is overruled.

See *Sonstiby* v. *Keeley*, 11 FED. REP. 578, and note, 580.