John M'Niel, plaintiff in error v. Lowell Holbrook.

In an action on four promissory notes, one of which was drawn by the defendant, in favour of the plaintiff, and the others were drawn by the defendant, in favour of other persons who had endorsed them to the plaintiff; parol evidence was properly admitted that the defendant acknowledged that he was indebted to the plaintiff, in the amount of the notes, and offered to confess judgment, in the course of a negotiation with the plaintiff's counsel, although the negotiation fell through; and although no proof was given of the handwriting or signatures of the endorsers of the notes. This case does not come within the reason or principle of the rule which excludes offers to pay, made by way of compromise upon a disputed claim; and to buy peace.

The court is not bound to give any hypothetical direction to the jury; and to leave them to find a fact, where no evidence of such fact is offered, nor any evidence from which it can be inferred.

The admissions of a defendant, that he is indebted to the plaintiff on promissory notes, when proved by competent testimony, are sufficient evidence of the transfer of negotiable paper, without proof of the handwriting of the payer. Whether the evidence was legally competent for that purpose, or not, is a question for the court, and not for the jury; in the absence of all contradictory testimony.

By the act of the legislature of Georgia, of 15th December, 1810, the assignment or endorsement of a promissory note is made sufficient evidence thereof, without the necessity of proving the handwriting of the assignor. The judiciary act of 1789 declares that the laws of the several states; except when the constitution, treaties, or statutes of the United States require otherwise; are to be rules of decision, in the courts of the United States, in trials at common law, where they apply. The Court does not perceive any sufficient reason for construing this act of congress so as to exclude from its provisions those statutes of the several states, which prescribe rules of evidence in civil cases, in trials at common law.

The object of the law of congress, was to make the rules of decision of the courts of the United States the same with those of the states; taking care to preserve the rights of the United States, by the exceptions contained in the section of the judiciary act. Justice to the citizens of the United States required this to be done; and the natural import of the words used in the act of congress, includes the laws in relation to evidence, as well as the laws in relation to property.

The Court refused to allow ten per centum per annum, interest, as damages for suing out the writ of error, in this case, on the amount of the judgment in the circuit court, under the 17th rule of the court. The case was not considered as one where the writ of error was sued out merely for delay.

ERROR to the circuit court of the United States, for the district of Georgia.

In the circuit court of the United States, for the district of Georgia, Lowell Holbrook instituted an action on four promissory notes; one

[M'Niel v. Holbrook.]

of which was drawn by the plaintiff in error, in favour of Lowell Holbrook, and the three other notes were drawn, in favour of other persons, who had endorsed the same over to Mr. Holbrook. An affidavit of the agent of the plaintiff, stating that the defendant, John M'Niel, was indebted to Lowell Holbrook in the amount of the said notes, was filed with the declaration. Issue being joined in the suit, the plaintiff to support the action, without having proved the handwriting of the drawer of the notes, or of those who had endorsed three of the notes to him, offered the testimony of W. W. Gordon, Esq. the counsel of the plaintiff, to prove " that John M'Niel had repeatedly, and as late as November 1st, 1835, admitted his indebtedness upon those promissory notes; and, at the same time, offered to confess a judgment for the amount of principal and interest, upon certain terms, by which he was to be allowed time for the payment of part. The negotiation continued until November 3d, 1836; and then was only not completed, from the inability of John M'Niel to pay the cash, which he had in the first instance offered." The defendant objected to the admission of this evidence, and insisted that the acknowledgment was only an offer by the defendant to buy his peace, by a compromise made in the course of a negotiation, for the settlement of the claim of Mr. Lowell Holbrook; which said compromise and negotiation having failed, the acknowledgment could not be given in evidence, to sustain the claim of the plaintiff. The defendant also objected to the evidence; as the plaintiff had declared against the defendant as endorser of promissory notes alleged to have been made by certain persons to him, he was bound to prove the endorsement of the notes by the said persons; and the court could not dispense with the proof of the endorsements. The court refused to give the instructions, as asked by the defendant; and instructed the jury, that the evidence offered and admitted was sufficient to entitle the plaintiff to recover against the defendant.

The jury having found a verdict for the plaintiff, according to the instructions of the court, and judgment having been entered thereon; the defendant prosecuted this writ of error.

The case was submitted to the Court by Mr. King: who also moved the Court to allow damages to the defendant in error, at the rate of ten per centum per annum, according to the 17th rule of the Court; which allows such damages, when a writ of error is sued out for delay.

[M'Niel v. Holbrook.]

Mr. Chief Justice TANEY delivered the opinion of the Court.

This case comes up upon a writ of error directed to the circuit court for the district of Georgia.

An action of assumpsit was brought in that court by Lowell Holbrook against John M'Niel, to recover the amount of four promissory notes made by the defendant; one of them payable to Lowell Holbrook, and three to other persons, who had endorsed them to the said Holbrook, who was the plaintiff in the court below.

The plaintiff declared on the promissory notes; and did not insert in the declaration any of the usual money counts. The defendant pleaded the general issue; and at the trial of the case, the plaintiff offered to prove, by a competent witness, "that John M'Niel had repeatedly, and as late as the first of November, (the trial took place on the 11th of that month) admitted his indebtedness, upon these four promissory notes; and at that time offered to confess a judgment for the amount of principal and interest, upon certain terms, by which he was to be allowed time for the payment of part. The negotiation continued until the third of November, and was then only, not completed from John M'Niel's inability to pay the cash, which he had in the first instance offered." The counsel for the defendant objected to the admissibility of this evidence, upon the ground that it was merely an offer on the part of the defendant to buy his peace, in the course of a negotiation for the settlement of the claim of the plaintiff, which had failed. The objection was overruled by the court, and the evidence given to the jury. The defendant excepted to this opinion of the court.

The notes, (which were endorsed in blank) together with the evidence above stated, was the only testimony given in the cause. The plaintiff offered no evidence to prove the handwriting of the drawer or endorsers; and no evidence was offered by the defendant.

The defendant thereupon moved the court to instruct the jury: 1st. That the evidence given on the part of the plaintiff, was not sufficient to entitle him to recover on the three notes, on which he had declared as endorsee; without proving the endorsements of the payees mentioned in the said notes. 2d. That if the jury believed the acknowledgment abovementioned to have been made by the defendant, in the course of a negotiation with the plaintiff, or his attorney, for a compromise, which had failed; and for the purpose of buying his peace by such compromise; that such acknowledgment was not sufficient to entitle the plaintiff to recover on the three

notes, on which he sued as endorsee, without proving the endorsement of the payees. A third prayer was also made, which is the same in substance with the first. The court refused to give the instructions asked for by the defendant, and directed the jury, that the evidence was sufficient to entitle the plaintiff to recover. To these opinions and to the instruction of the court, the defendant excepted; and the case has been brought here for the revision of this Court.

We think the circuit court was right in admitting the evidence above stated. There does not appear to have been any dispute between the parties, as to the amount due on the notes; nor as to the plaintiff's right to receive it. The negotiation as disclosed in the testimony, was altogether concerning the time of payment, and not in relation to the amount to be paid; and the defendant, in the course of that negotiation, admitted the debt; and offered to confess judgment for it in the suit then pending, provided time was given to him for the payment of a part. This was the acknowledgment of a fact by the defendant, and not an offer to buy his peace, and we think the testimony was properly received; although the admission was made pending a negotiation to enlarge the time of payment. The case does not come within the reason or the principle which excludes offers to pay, made by way of compromise upon a disputed claim, and to buy peace.

We concur, also, with the circuit court, in the instructions given to the jury after the testimony was admitted. The plaintiff was in possession of the notes endorsed in blank. The admission of the defendant of his liability for the amount, and his offer to confess a judgment, was an admission of the plaintiff's right to the money due on the notes; and, consequently, was an acknowledgment that he was the maker of the notes, and that they had been legally transferred to the plaintiff. There could, therefore, be no necessity for proving the endorsements; because that proof would have established nothing more than what had already been proved by the admissions of the defendant. For, he could not have been indebted to the plaintiff on these notes, unless he was the maker of them, and unless they had also been legally transferred to the plaintiff.

This view of the subject disposes of the first and third instructions, asked for by the defendant.

As relates to the second prayer, the court would unquestionably have been bound to give it, if there had been any testimony from which the jury could have inferred that the admission in question

[M'Niel v. Holbrook.]

was made as an offer of compromise, and to buy his peace. But we see nothing in the evidence from which such an inference could have been drawn. There does not appear to have been any negotiation concerning the amount of the debt, or the plaintiff's right to receive it; and the court is not bound to give an hypothetical direction to the jury; and to leave it to them to find a fact, where no evidence of such fact is offered, nor any evidence from which it can be inferred. Such being the case here, we think the court did not err in refusing this direction.

The same reasoning applies to the direction which the court gave. If there had been any evidence conducing to prove the fact insisted on by the defendant, the jury were certainly the proper judges of its sufficiency; and the court could not, without encroaching on the province of the jury, have instructed them on that point. But there was no contradictory testimony, nor any question in relation to the credibility of the witness. The facts as stated by him were not controverted; and in this state of the evidence, the counsel for the defendant, in his third prayer, moved the court to instruct the jury, that the acknowledgment so proved was not sufficient to entitle the plaintiff to recover, without proof of the endorsements of the payees. The point thus presented to the circuit court, was upon the legal sufficiency of the evidence; the counsel for the defendant insisting, that notwithstanding the admissions of the party, that he owed the money on the notes, and his offer to confess a judgment to the plaintiff for the amount, yet the law required the plaintiff to go further, and to prove the endorsements of the payees, before he could entitle himself to recover. In other words, the point was raised, whether the admissions of a defendant, when proved by competent testimony, are sufficient evidence of the transfer of negotiable paper, without proof of the handwriting of the payee. It is in answer to this prayer, that the court instructed the jury that the evidence was sufficient. The question submitted to the court, was a question of law; and turned upon the legal sufficiency of evidence of a certain description, to establish a particular fact. And whether it was legally sufficient for that purpose or not; or whether the law required higher or different evidence; was a question for the court, and not for the jury. The point had, in effect, been decided by the opinion of the court on the defendant's first prayer; and was properly and correctly decided.

There is another ground upon which, we think, that the court

[M'Niel v. Holbrook.]

were right in refusing to instruct the jury, that it was incumbent on the plaintiff to prove the endorsement on the notes purporting to have been made by the payees. By an act of the legislature of Georgia, passed on the 15th of December, 1810, Prince's Digest of the Laws of Georgia, p. 144, it is enacted, "that in all cases brought by any endorsee or endorsees, assignee or assignees, on any bill, bond, or note, before any court of law or equity, in this state, the assignment or endorsement, without regard to the form thereof, shall be sufficient evidence of the transfer thereof; and the said bond, bill, or note shall be admitted as evidence, without the necessity of proving the handwriting of the assignor or assignors, endorser or endorsers; any law, usage or custom to the contrary notwithstanding."

In a suit, therefore, in the state courts, there would have been no necessity for proving the handwritings of the endorsers; and the endorsements themselves would have been prima facie evidence that the notes in question had been transferred to the plaintiff; he being in possession of the notes, and the endorsements of the payers appearing thereon in blank.

The 34th section of the judiciary act, establishing the courts of the United States, (1789, ch. 20,) provides, "that the laws of the several states, except where the constitution, treaties, or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

We do not perceive any sufficient reason for so construing this act of congress as to exclude from its provisions those statutes of the several states which prescribe rules of evidence, in civil cases, in trials at common law. Indeed, it would be difficult to make the laws of the state, in relation to the rights of property, the rule of decision in the circuit courts; without associating with them the laws of the same state, prescribing the rules of evidence by which the rights of property must be decided. How could the courts of the United States decide whether property had been legally transferred, unless they resorted to the laws of the state to ascertain by what evidence the transfer must be established? In some cases, the laws of the states require written evidence; in others, it dispenses with it, and permits the party to prove his case by parol testimony: and what rule of evidence could the courts of the United States adopt, to decide a question of property, but the rule which the legislature of the state has prescribed? The object of the law of congress was to make the

[M'Niel.v. Holbrook.]

rules of decisions, in the courts of the United States, the same with those of the states; taking care to preserve the rights of the United States by the exceptions contained in the same section. Justice to the citizens of the several states required this to be done; and the natural import of the words used in the act of congress, includes the laws in relation to evidence, as well as the laws in relation to property. We think they are both embraced in it: and as, by a law of Georgia, the endorsement on these notes was made prima facie evidence that they had been so endorsed by the proper party, we think the circuit court were bound to regard this law as a rule of evidence. It dispensed with the proof which the defendant insisted on; and the circuit court, on that ground, were right in refusing the prayers, of the defendant, which required proof of these endorsements. Upon the production of the notes, the plaintiff was entitled to recover without the aid of the parol evidence; which is the subject of all the defendant's exceptions. For this reason, independently of the principles herein before stated, we think the judgment of the circuit court below, ought to be affirmed.

The defendant in error has moved the Court to allow him ten per cent. damages, under the 17th rule of the court, which provides, that when a writ of error shall appear to have been sued out merely for delay; damages shall be awarded at the rate of ten per cent. per annum, on the amount of the judgment. We do not consider this case as one of that description: and therefore award nothing more than the ordinary interest of six per cent.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Georgia, and was argued by counsel; on consideration whereof, it is adjudged and ordered by this Court, that the judgment of the said circuit court in this cause be, and the same is hereby affirmed, with costs and damages, at the rate of six per centum per annum.