THE UNITED STATES, APPELLANT, *vs.* WILLIAM DRUMMOND, APPELLEE.

A concession was made by the Governor of Florida, before Florida was ceded to the United States, on condition that the grantee should erect a water sawmill, "and with the precise condition, that until he executes the said machinery, the grant to be considered void, and without effect, until that event takes place." The mill was never erected; and no sufficient reason shown for its non-erection. The Court held that the concession gave no title to the land.

APPEAL from the Superior Court of East Florida.

Mr. Grundy, Attorney General of the United States, submitted this case to the Court, alleging that the claimant relies on a concession made by Governor Coppinger for 16,000 acres of land, dated September 12th, 1816. The grant is upon a condition, namely, the erection of a water sawmill; "and with the precise condition that until he executes said machinery, this grant will be considered as null and void, and without effect or value until that event takes place," &c.

The mill was never erected. No sufficient reason is shown for its non-erection.

It is insisted that the erection of the mill is a condition precedent; and, consequently, that until the claimant shows a performance of that condition, or some reason for non-performance, which will satisfy the terms of the eighth article of the treaty ceding Florida to the United States, he has no title in law or equity.

This case is believed to be fully decided against the claimants by the decisions of this Court at its last term; in the cases of the United States *vs.* Mills's heirs, 12 Peters, 215; and United States *vs.* Kingsley, 12 Peters, 476.

Mr. Justice WAYNE delivered the opinion of the Court.—

This case, like that of the United States *vs.* Andrew Burgeon, is controlled by the decision of this Court in the case of the United States *vs.* Kingsley, 12 Peters, 476. The decree of the Superior Court of East Florida is therefore reversed.

This cause came on to be heard on the transcript of the record from the Superior Court for the district of East Florida, and was argued by counsel. On consideration whereof, it is the opinion of this Court, that the petitioner having failed to fulfil the condition of the grant, that the said grant or concession is null and void; and that the said petitioner has no right or title to the land. Whereupon it is now here decreed and ordered by this Court, that the decree of the said Superior Court in this cause be, and the same is hereby, reversed and annulled; and that this cause be, and the same is hereby, remanded to the said Superior Court, with directions to enter a decree in conformity to the opinion of this Court.