Mr. Justice WAYNE.
 

 The plaintiff in error seeks for a reversal of the judgment in this case, for errors alleged to have occurred upon the trial of it in the Court below, but our attention having been called to the rejection of a witness, we shali confine ourselves to that assignment of error, without considering such of them as relate to the merits of the litigation or to the admission of the deposition of A. B. Dickerson, taken
 
 de bene esse,
 
 as evidence in the case.
 

 The error complained of is, that the Court erred in refusing to allow one of the plaintiffs, Matthias B. Wright, to testify as a witness in the cause.
 

 The cause was tried in the Circuit Court of the United States, . sitting at Cincinnati, Ohio. In the year 1858, the Legislature of that State passed a statute entitled “ An Act to establish a Code of Civil Procedure,” in which it is declared 'that “no person shall be disqualified as a witness in any civil action or proceéding by reason of his interest in the event of the same, as a party or otherwise, or by reason of his conviction of a crime, but such entries or conviction may be shown for the purpose of affecting bis credibility.” This statute was in force at the time of this trial. Wright, one of the plaintiffs, was offered as a witness under it, but was rejected by the Court as incompetent to testify, by reason of his interest in the event of the suit, and because of a rule of Court, which it was said excluded such a witness from examination unless previous notice had been given to the oppo site party of an intention to examine him.
 

 It appears, however, whatever may have been the intended application of that rule, under the “ code of civil procedure” dr otherwise, that it had become inoperative by the repeal in the year 1858 of that set tion of the Ohio code which required such a notice to be given. The repealing Act of 1858 is a statute to
 
 *537
 
 amend the, 813th and 3,14th sections of the code of civil procedure.
 

 The rejection of Wright, then, as a witness, for incompetericy to testify in his own behalf, raises again, in this Court, the question whether the statutory enactments of the States of the Union, in respect to evidence in eases at common law, are not obligatory upon Judges in the Courts of the United States to apply them as rules of decision in the trials of such cases.
 

 The' 34th section of the Judiciary Act of the 24th September, 1789, (Statutes at Large), is in these words: “ that the laws of the several States, except where the Constitution, treaties, or statutes of the United States shall otherwise require or provide, shall be regarded as ‘rules of decision’ in trials at common law in the Courts of the United States, in cases where they apply.” Mean ing by the word trials, as this Court has said in
 
 Wayman
 
 vs.
 
 Southard,
 
 (10 Wheat.), matters of controversy, and not to executions and the mode of executing them. As to the .application and the extent of the allowances of the laws of the States in such cases, this Court gave its interpretation of the 34th section very fully in
 
 McNeal
 
 vs.
 
 Holbrook,
 
 (13 Peters, 84). ' We then said: “ We do not perceive any sufficient reason for so construing this A ct of Congress as to exclude from its provisions those statutes of the several States which prescribe rulés of evidence in civil cases in trials at common law. Indeed, it would be difficuit to make the laws of the State in relation to the rights of property the rule of decision in the Circuit Court, without associating with %hem the laws of the same State, prescribing the rules of evidence by which the rights of property must be decided. How could the Courts of the United States decide whether property had been legally transferred, unless they resorted to the laws of the State to ascertain by what evidence the transfer must be established. In some cases the laws of the States require written evidence, in others it dispenses with it, and permits the party to prove his case by parol testimony; and what rule of evidence could the Courts of the United States adopt to decide a question of property but the rule which the Legislature of the State has prescribed ? The object of the law of Congress was to make the
 
 *538
 
 rules of-decision in the Courts of the United States the rame wijth those of the States; talcing care to preserve the rights of tne United States, by the exceptions contained in the same section. Justice to the citizens of the several States required ¡chis to be done, and the natural import of the words used in the Act .of Congress includes the laws in relation to evidence, as well as the laws in relation to property. We think they are both embraced in it, and as by a law of Georgia the endorsements on these notes was made prima facie evidence that they liad been so endorsed by the proper party, we think that the Circuit Court was bound to regard this law as a rule of evidence.” The same ruling"was repeated by this Court in
 
 Sims
 
 vs.
 
 Hundley,
 
 (6 Howard, 1), hpon a question whether a notary’s certificate, made evidence by a statute of Mississippi, was admissible in the Circuit Court of} the United States for that State. We S'id, it is true that upoh general principles of commercial law, thii certificate would nbt be admissible. But it is made evidence by the statutes of Mississippi; and the rules of evidence prescri ed by the statute of a State are always followed in the Courts of the United States when sitting in the State in commercial ci >es as well as in others.
 

 Since these decisions were made, the Judges of the U \ited States Courjfcs have administered the laws of evidence o: the States in conformity with them, and there was error in this case by the Court below for not having done so. For such m ing, we direct that the judgment be reversed and order a
 
 venire j ias de nova.