POTTER *v.* NATIONAL BANK.

In an action against an executor in his representative capacity, A., who was interested in the issue but not a party thereto, was, against the objection of the defendant, introduced as a witness by the plaintiff, and permitted to testify to statements of the testator touching the subject-matter in controversy. *Held*, that the witness was competent and the evidence admissible.

ERROR to the Circuit Court of the United States for the Northern District of Illinois.

The facts are stated in the opinion of the court.

*Mr. George Willard* for the plaintiff in error.

*Mr. Huntington W. Jackson* and *Mr. John H. Thompson*, contra.

MR. JUSTICE HARLAN delivered the opinion of the court.

This is a writ of error from a judgment rendered in the Circuit Court of the United States for the Northern District of Illinois in favor of the Third National Bank of Chicago, Illinois, against Orrin W. Potter, executor of E. B. Ward. Upon the trial before the jury, one William Sturgess, not a party to the action, was introduced as a witness in behalf of the bank. In the course of his examination he was allowed, against the objection of the defendant, to testify as to a conversation had by him with Ward, touching some of the matters involved in the present controversy. The objection to his testifying was placed upon the ground that Ward was dead, and that he, the witness, was interested in the issues to be tried. The action of the Circuit Court in permitting the witness to disclose that conversation is the subject of one of the assignments of error.

By sect. 858 of the Revised Statutes it is declared that "in the courts of the United States no witness shall be excluded in any action on account of color, or in any civil action because he is a party to or interested in the issue tried: *Provided*, that in actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator,

intestate, or ward, unless called to testify thereto by the opposite party, or required to testify thereto by the court. In all other respects the laws of the State in which the court is held shall be the rules of decision as to the competency of witnesses in the courts of the United States in trials at common law and in equity and admiralty."

The first clause of this section is, substantially, in the words of the proviso of the third section of the act of July 2, 1864, making appropriations for sundry civil expenses of the government. 13 Stat. 351. The second clause is in the words of the proviso of the act of March 3, 1865, amending the third section of the act of July 2, 1864 (id. 533), while the last clause is founded upon the act of July 16, 1862. 12 id. 588.

The existing statute (Rev. Stat., sect. 858) seems too plain to require construction. The first clause of that section shows that there was in the mind of Congress two classes of witnesses, — those who were parties to the issue, that is, parties to the record; and those interested in the issue to be tried, that is, those who, although not parties to the record, held such relations to the issue that they would lose or gain by the direct legal operation and effect of the judgment. A witness may be interested in the issue without being a party thereto, — a distinction which seems to have been recognized in all the statutes to which reference has been made. But whether a party to or only interested in the issue, the witness is not to be excluded in the courts of the United States, upon either ground, except that in actions in which judgment may be rendered for or against an executor, administrator, or guardian, no party to the action can testify against the other as to any transaction with, or statement by, the testator, intestate, or ward, unless called to testify thereto by the opposite party, or required to testify thereto by the court. The proviso of sect. 858 excludes only one of the classes described in its first clause, — those who are, technically, parties to the issue to be tried, — and we are not at liberty to suppose that Congress intended the word " party," as used in that proviso, to include both those who, according to the established rules of pleading and evidence, are parties to the issue, and those who, not being parties, have an interest in the result of that issue.

It is, however, contended by the learned counsel for the plaintiff in error that, by the laws of Illinois, Sturgess was an incompetent witness as to the matters embraced in his conversation with Ward, and that the Circuit Court was bound to follow those laws as interpreted by the highest court of the State. ·It is quite true that the thirty-fourth section of the Judiciary Act of 1789 — preserved, *totidem verbis*, in sect. 721 of the present revision of the statutes — has been construed as requiring the Federal courts, in all civil cases at common law, not within the exceptions named, to observe, as rules of decision, the rules of evidence prescribed by the laws of the States in which such courts respectively sit. *Vance* v. *Campbell*, 1 Black, 427; *Wright* v. *Bales*, 2 id. 535; *McNiel* v. *Holbrook*, 12 Pet. 84; *Sims* v. *Hundley*, 6 How. 1; *Ryan* v. *Brindley*, 1 Wall. 66. But that section of the act of 1789, as does sect. 721 of the Revised Statutes, expressly excepts from its operations cases " where the Constitution, treaties, or statutes of the United States otherwise provide." We have seen that the existing statutes of the United States do " otherwise provide," in that they forbid the exclusion of a witness upon the ground that he is a party to, or interested in, the issue, in any civil action whatever pending in a Federal court, except in a certain class of actions, which do not embrace the one now before us. " In all other respects," that is, in all cases not provided for by the statutes of the United States, the laws of the State, in which the Federal court sits, constitute rules of decision as to the competency of witnesses in all actions at common law, in equity, or in admiralty. It is clear, therefore, that the laws of Illinois can have no bearing upon a case which, as here, is embraced, or has been provided for, by the Federal statute.

But little need be said concerning the remaining assignments of error. The one which relates to the action of the court in permitting the bank to show that, in due course of its business, notices of protest would have been forwarded by mail to Ward, had they been received from the notary, would have deserved consideration, but for the fact, which appears from the bill of exceptions, that the jury were informed by the court, in its charge, that if the liability of Ward, as indorser, depended

solely upon this point, they would be instructed that the proof of such notice was insufficient. We cannot see, therefore, that this evidence, even if improperly admitted, injuriously affected the plaintiff in error.

The objection to the admission in evidence of the letter of Parsons, cashier, to Smith, dated Dec. 11, 1873, was properly overruled. No objection was made by plaintiff in error to the admission of the letters and telegrams of prior dates. The particular letter, to the reading of which objection was interposed, constituted a part of the transactions described in the letters and telegrams of previous dates, and was properly admitted, in further explanation of those transactions.

The only other assignments of error, of sufficient importance to require notice, relate to those parts of the charge to the jury to which exception was taken by the plaintiff in error. In each sentence or paragraph of the charge, to which exception was especially taken, the court informed the jury that the evidence tended to show certain facts which are detailed in the charge. The point is made here that the evidence did not tend to show any such state of facts as the charge of the court implied. But counsel overlook, or fail to give proper force to, the circumstance that the bill of exceptions, not purporting to contain all the evidence adduced before the jury, itself states that there was evidence tending to show the facts set forth in the charge. If, upon the whole evidence, the plaintiff in error was entitled to a peremptory instruction in his behalf, and the court had refused, when asked, to give such an instruction, its action could not be reviewed here, except upon a bill of exceptions, containing all the evidence. And so, if there was no evidence, or not sufficient evidence, tending to show the facts recited in the charge. If he desired the court to give any particular propositions of law to the jury, so much of the evidence as is necessary to show their pertinency ought to be set forth in the bill of exceptions. But no propositions of law were submitted by him to the court to be given to the jury. We do not perceive that the charge is in conflict with the evidence, so far as it is detailed in the bill of exceptions.

Under all the circumstances, this court must assume that there was evidence tending to show the facts set out in the

charge to the jury. And so construing the bill of exceptions, we do not perceive that any error of law was committed, and the judgment is, therefore,

*Affirmed.*