## ASHBY *v.* HALL.

### APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF MONTANA.

Argued November 10, 1886.—Decided December 13, 1886.

The entry in the Land Office of a portion of the public lands in the Territory of Montana, settled upon and occupied as a town-site, under the act of Congress of March 2d, 1867, "for the relief of the inhabitants of cities' and towns on the public lands," being "in trust for the several use and benefit of the occupants thereof, according to their respective interests; the execution of which trust, as to the disposal of the lots in such town, and the proceeds of the sales thereof, to be conducted under such rules and regulations as may be prescribed by the legislative authority of the State or Territory in which the same may be situated," it was held that the occupant of a lot in the town which had been surveyed and platted into streets, alleys, blocks, and lots, continued to possess after such entry the same right of way over an adjoining alley which he had previously possessed as appurtenant to his lot.

The interests which the occupants possessed previous to the entry, either in the land occupied by them or in rights of way over adjoining streets and alleys, were secured by it.

The power vested in the legislature of the Territory was confined to regulations for the disposal of the lots and the proceeds of the sales. These regulations might extend to provisions for the ascertainment of the nature and extent of the occupancy of different claimants of lots, and the execution and delivery to those found to be occupants in good faith of some official recognition of title in the nature of a conveyance; but they could not authorize any diminution of the rights of the occupants' when the extent of their occupancy was established.

The legislature of the Territory could not, under the authority conferred by the above act of Congress, change or close the streets, alleys, and blocks of the town by a new survey. Whatever power it may have over them does not come from the town-site act, but, if it exist at all, from the general grant of legislative power under the organic act of the Territory.

The case is stated in the opinion of the court.

*Mr. Eppa Hunton* for appellant. *Mr. Jeff. Chandler* was with him on the brief. -

No appearance for appellees.

MR. JUSTICE FIELD delivered the opinion of the court.

This case comes from the Supreme Court of Montana. It was a suit to abate an obstruction in an alley in the city of Helena, in that Territory. The plaintiffs are the owners of certain lots in a block bordering on the alley, over which they claim a right of way; an easement which they or their predecessors used and enjoyed from 1866 to 1871, when the defendant caused the obstruction complained of.

In the pleadings and in the findings several facts are assumed to be well known, upon which no information is given; as that the lands within the city of Helena were, in 1869, entered in the local land office, by the probate judge of the county, under the town-site act; and that there was an addition to the original limits of Helena, known as Scott's Addition, within which are the lots owned by the plaintiffs. It would have facilitated the examination of the case if these facts had been stated with some particularity, rather than assumed to be within the knowledge of the court.

The case was brought in one of the District Courts of the Territory, and was, by stipulation of the parties, tried without a jury. The facts as found, so far as they are material, are substantially as follows: In 1866 Scott's Addition to Helena was laid out, surveyed, and platted into streets, blocks, lots, and alleys. The alleys ran through the centre of the blocks, and were sixteen feet in width. The lots of the plaintiffs adjoined one of these alleys, the passage in which was obstructed by a fence placed across it by the defendant. The title to the ground occupied by the town, including the streets and alleys, was in the United States, until the entry of the town-site in 1869. The original occupants of the lots recognized the existence of the alley, as did their grantees and successors in interest, until such entry, and received their deeds bounded thereon. The principal use of the alley was to take in wood and hay for the adjoining occupants, and for the ingress and egress of their cows. The plaintiffs and their predecessors in interest had made valuable improvements upon the lots, to which they held a possessory right at the time of the

entry of the town-site. Some time afterwards, a new survey and a map of the town were made, by direction of the probate judge, as trustee, and were approved by the county commissioners. The survey and map did not show the alley in question, and no proceedings were taken to correct them in that particular; and they were filed with the clerk and recorder of the county. In 1871, the defendant entered upon and occupied the land embracing the alley in question; and, in 1872, he received a deed of the same from the probate judge, no adverse claim having been presented.

From the facts, of which the above is a brief statement, the District Court found, as a conclusion of law, that, at the time of the entry of the town-site by the probate judge, the plaintiffs and others, as adjacent lot-owners, had a subsisting and valid right in the alley, and to the use thereof; that the probate judge entered the same in connection with the town-site in trust, with the usual rights and interests therein; that his subsequent conveyance thereof to defendant was void and inoperative; and, therefore, the non-presentation of an adverse claim to defendant's application for the ground was immaterial.

The court, accordingly, adjudged that the plaintiffs were entitled to a right of way over the sixteen feet of ground adjoining their lots, and to the use of it as an alley-way without let or hindrance from the defendant or any one acting under him; and declared that the fence erected across it was a nuisance, to be removed by the sheriff of the county, and that the defendant and his servants be forever enjoined from erecting any fence or other obstruction upon the ground. This decree was affirmed, on appeal, by the Supreme Court of the Territory, and from the judgment of the latter court the case is brought here.

The act of Congress of March 2, 1867, "for the relief of the inhabitants of cities and towns upon the public lands," 14 Stat. 541, c. 177, the substance of which has been carried into the Revised Statutes, § 2387, provided that "Whenever any portion of the public lands have been, or shall be, settled upon and occupied as a town-site, and therefore not subject to entry

under the agricultural preëmption laws, it shall be lawful, in case such town shall be incorporated, for the corporate authorities thereof, and if not incorporated, for the judge of the, county court for the county in which such town may be situated, to enter at the proper land office, and at the minimum price, the land so settled and occupied in trust for the several use and benefit of the occupants thereof, according to their respective interests; the execution of which trust, as to the disposal of the lots in such town, and the proceeds of the sales. thereof, to be conducted under such rules and regulations as may be prescribed by the legislative authority of the State or Territory in which the same may be situated." It also provided that any act of said trustee not made in conformity with the rules and regulations mentioned, should be void.

As thus seen, the act required the entry of land settled upon and occupied, to be in trust " for the several use and benefit of the occupants thereof according to their respective interests." The very notion of land settled upon and occupied as a townsite implies the existence of streets, alleys, lots, and blocks; and for the possession of the lots, and their convenient use and enjoyment, there must of necessity be appurtenant to them a right of way over adjacent streets and alleys. The entry of the land carried with it such a right of way. The streets and alleys were not afterwards at the disposal of the government, except as subject to such easement.

That portion of the town known as Scott's Addition, within which is the alley in controversy, was laid out and platted into streets, alleys, blocks, and lots, as early as 1866; and the lots were occupied, in conformity with that survey and plat, when the entry was made. The right of way, and all appurtenances to the lots, which were held by the occupants under their possessory claims, continued after the entry, and the receipt of their deeds or other evidences of title, as before, with the additional support arising from the change of their possessory claims to estates in fee.

The power vested in the legislature of the Territory in the execution of the trust, upon which the entry was made, was confined to regulations for the disposal of the lots and the pro-

ceeds of the sales. These regulations might extend ·to provisions for the ascertainment of the nature and extent of the occupancy of different claimants of lots, and the execution and delivery to those found to be occupants in good faith of some official recognition of title, in the nature of a conveyance. But they could not authorize any diminution of the rights of the occupants, when the extent of their occupancy was established. The entry was in trust for them, and nothing more was necessary than an official recognition of the extent of their occupancy. Under the authority conferred by the townsite act, the legislature could not change or close the streets, alleys, and blocks of the town by a new survey. Whatever power it may have had over them did not come from that act, but, if it existed at all, from the general grant of legislative power under the organic act of the Territory.

The plaintiffs taking the lots they occupied, with the right of way appurtenant thereto, that is, over the alley on which the lots were situated, which they had previously enjoyed, the action of the probate judge in conveying the alley to the defendant was illegal and void. The intrusion of the defendant thereon was, therefore, a trespass, and the fence erected by him, to bar the passage through it, was a nuisance to be abated.

*The judgment of the court below is affirmed.*