BENJAMIN F. BROOKS *vs.* RUFUS B. HOLDEN.

Worcester.    October 3, 1899. — January 4, 1900.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & LORING, JJ.

*Estates of Persons Deceased — Evidence — Declarations of Deceased — Statute — Attorney and Client.*

The St. 1896, c. 445, relative to evidence in an action against the personal representative of a deceased person, in which the cause of action is supported by oral testimony of a promise or statement made by the deceased person, is not restricted to actions begun after the decease, but applies to an action begun during the lifetime of the deceased, and in which, after his death, the administrator of his estate appears and takes upon himself its defence.

The St. 1898, c. 535, relative to the declarations of deceased persons, does not limit the operation of St. 1896, c. 445, relative to evidence in actions against the representatives of deceased persons.

The personal representative of a deceased client may exercise in favor of the

client's estate the right to waive the privilege which the client had in his life-
time for his own benefit, and may call upon the latter's attorney to disclose as
a witness communications made to him by the client

CONTRACT, upon an account annexed, for goods sold and for
board furnished. Trial in the Superior Court, without a jury,
before *Hardy*, J., who found for the plaintiff; and the defendant
alleged exceptions to the exclusion of certain evidence, the
nature of which appears in the opinion.

*A. P. Rugg & E. I. Morgan*, (*R. A. Stewart* with them,) for
the defendant.

*R. Hoar*, for the plaintiff.

BARKER, J. In the decision of this case it is necessary to
consider the effect of two comparatively recent statutes, each of
which in some degree changes the law of evidence. The first is
St. 1896, c. 445, relative to evidence in actions against the estates
of deceased persons, and the second is St. 1898, c. 535, relative
to declarations of deceased persons. We quote the language of
the two enactments:

"In the trial of an action against an executor or against an
administrator of a deceased person in which the cause of action
is supported by oral testimony of a promise or statement made
by said deceased person, evidence of statements written or oral
made by said deceased person, memoranda and entries written
by him, and evidence of his acts and habits of dealing, tending
to disprove or to show the improbability of such statement or
promise having been made, shall be admissible." St. 1896,
c. 445.

"No declaration of a deceased person shall be excluded as evi-
dence on the ground of its being hearsay, if it appears to the
satisfaction of the judge to have been made in good faith before
the beginning of the suit and upon the personal knowledge of
the declarant." St. 1898, c. 535. The first act took effect on
May 28, 1896, and the second on July 16, 1898.

The present action was begun on April 27, 1896, against
Rufus B. Holden, who died on December 22, 1897. George E.
Allen, the administrator of Holden's estate, appeared in the
action and took its defence upon himself on June 15, 1899, and
thereupon the case was tried without a jury, with a finding for
the plaintiff on June 16, 1899. At the trial the plaintiff intro-

duced in support of the causes of action set out in his declaration oral testimony of statements made by Holden. In defence the administrator called as a witness an attorney who had been employed by Holden to defend the suit, and offered to show by the witness statements made by Holden to the witness after the date of the writ and tending to disprove the statements of Holden put in evidence by the plaintiff. The question for decision is whether the evidence offered by the defendant was rightly excluded.

The statutes cited are general in form and deal only with rules of evidence, and it is not contended that they are to be restricted in their application to cases brought after they took effect, nor that they do not apply in trials upon causes of action which accrued before their passage. But the plaintiff does contend that the present action having been begun against Holden in his lifetime, it is not an action against the administrator of a deceased person within the meaning of St. 1896, c. 445, and that the provisions of that statute were intended to apply only to actions originally brought against an executor or an administrator, and in which the testimony of the deceased could not have been obtained by reason of his death occurring before the pendency of the suit.

There is no reason why the statute should be so strictly construed. When, after the death of the original defendant, the administrator of his estate appeared in court and took upon himself the defence of the action, it was no longer an action against Holden, but became an action against an administrator of a deceased person within the language and meaning of the statute. The positions of the respective parties were the same, and the reason for resorting to evidence of counter statements was the same, as if the suit had been brought originally against the present defendant. As oral testimony of statements made by the deceased intestate had been introduced in support of the plaintiff's causes of action, a case within the language and meaning of St. 1896, c. 445, was made out for the admission of counter statements of the deceased, and it was error to reject the evidence of such counter statements offered by the defendant, unless, as the plaintiff further contends, the operation of that statute has been limited by St. 1898, c. 535, or unless the evidence offered was inadmissible for some other reason.

In considering the effect of St. 1898, c. 535, we find no reason to hold that it was intended to limit the operation of the former statute. The later statute makes no express reference to the former. The St. 1896, c. 445, had opened the door in certain actions alone, to admit in defence evidence of statements and writings made and acts done by deceased persons when the plaintiff's cause of action should be supported by oral testimony of a promise or statement made by the deceased person against whose executor or administrator the action upon trial was being prosecuted. Save as so modified, the old rules as to hearsay evidence still obtained. It was the purpose of St. 1898, c. 535, not to close this door in any degree, but to open it more widely, and to remove in all cases and in favor of all parties the objection that they were hearsay to the admissibility in evidence of declarations of all deceased persons, whether their executors or administrators were parties defendant or not, if it appeared to the satisfaction of the judge that the declaration offered was made in good faith before the beginning of the suit, and upon the personal knowledge of the person who made it. This later statute no more rendered inadmissible, because made after the beginning of the suit, a declaration or statement competent under St. 1896, c. 445, than it made inadmissible declarations of deceased persons which, although hearsay, were competent as to matters concerning which such evidence was already admissible. Its purpose was not restrictive either of the general rules which in certain instances allowed hearsay evidence, or of the special rule provided by St. 1896, c. 445, for certain suits against personal representatives of persons deceased.

The remaining contention of the plaintiff is that the evidence offered was rightly excluded because the witness was an attorney at law, and the statements to which he was called to testify were communications made to him by the deceased as a client in the course of· professional employment.

In the first place it does not appear from the bill of exceptions that this question was raised at the trial or passed upon by the presiding judge. Although the fact is stated in the bill that the witness was an attorney employed by the deceased to defend the suit, it is not stated that this reason for not allowing the witness to testify to the statements made to him by the deceased

was urged by the plaintiff or passed upon by the court, and it would seem from the statements of the bill that the ground of exclusion was the view taken by the presiding justice of the effect of the statutes already considered. Nor does it distinctly appear from the bill that the statements offered were made to the witness in the course of his employment, although it does appear that they were made after he had been employed and before the filing of the answer. However this may have been, we are of opinion that after the death of the client the administrator of his estate could waive the privilege which the deceased had in his lifetime for his own benefit, and that the calling of the attorney as a witness by the administrator, the questions put to him, and the offer of proof were a waiver of the privilege which removed any objection to the evidence upon that ground.

The privilege is primarily for the benefit of the client, the public being interested in it only to the extent that it is for the general welfare that men shall be free to consult those learned in the law without fear of injury by any disclosure adverse to their own interests. See *Foster* v. *Hall*, 12 Pick. 89; *Hatton* v. *Robinson*, 14 Pick. 416, 422; *Doherty* v. *O'Callaghan*, 157 Mass. 90. To allow the executor or administrator of the deceased client to waive the privilege and to call the attorney to testify as to a privileged communication in a suit involving the client's estate no more militates against the principle of public policy involved than to allow the client himself to waive the privilege. Nor does it tend to weaken the protection which the rule gives for the benefit of the client as an individual. The executor or administrator acts with reference to the question of waiver as the personal representative of the deceased client, and solely in the interest of his estate. While it has been said that on such facts the mouth of the attorney shall be forever sealed, and that the seal of the law once fixed upon such communications remains forever, unless removed by the party himself, in whose favor it was there placed, we know of no decided case in which it has been held that upon the death of the client his personal representative cannot waive the privilege and call upon the attorney to testify in behalf of the client's estate. In our opinion an executor or administrator of a deceased client may

exercise in favor of the client's estate the right to waive the privilege, and may call upon the attorney to disclose as a witness communications made to him by the client.

*Exceptions sustained.*