CHARLES E. HALL *vs.* CHARLES REINHERZ.

Suffolk.    March 16, 1906. — May 17, 1906.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Evidence*, Declarations of deceased persons.    *Statute.*

A declaration of a deceased person otherwise admissible under St. 1898, c. 535, now R. L. c. 175, § 66, is not to be excluded because it was made before the passage of that statute.

A declaration of a deceased person otherwise admissible under R. L. c. 175, § 66, is not to be excluded because in the form of a statement in writing signed by the declarant.

R. L. c. 175, § 66, providing that a declaration of a deceased person shall not be excluded as hearsay if the court finds that it was made in good faith before the commencement of the action and upon the personal knowledge of the declarant, is remedial in its nature and should be construed liberally so as to extend rather than restrict its application.

BRALEY, J.    This is an action of tort to recover damages for the alleged seduction of Margaret Moakler, a minor, and member of the plaintiff's family, to whom he sustained the relation of a foster parent.    In the Superior Court a verdict was returned in favor of the defendant, and the plaintiff comes to this court on a report in which the only question of law presented relates to the exclusion of certain evidence offered at the trial.    The party seduced having died on August 17, 1893, the plaintiff offered in evidence a written statement signed by her on July 8, 1893, in which she fully narrated her acquaintance and relations with the defendant, including their alleged illicit intercourse, and his subsequent conduct coercing her to submit to a criminal operation for the purpose of procuring an abortion from the effects of which she became a helpless invalid.    There were other statements in connection with their general relations that are not important.    The presiding judge states that he excluded this evidence solely because, that while otherwise he deemed it competent, in his opinion it was incompetent as the declarations were made before the St. of 1898, c. 535, now R. L. c. 175, § 66. The purpose of this statute was partially to remove the restrictions excluding hearsay evidence, and to permit its introduction when the declarations were made in good faith by a deceased

person before the commencement of the action, but who if living would have been a competent witness at the trial.   *Brooks* v. *Holden,* 175 Mass. 137.   *Mulhall* v. *Fallon,* 176 Mass. 266. *Stocker* v. *Foster,* 178 Mass. 591.   *Dixon* v. *New England Railroad,* 179 Mass. 242.   *Dickinson* v. *Boston,* 188 Mass. 595. *Gray* v. *Kelley,* 190 Mass. 184.   Neither are such declarations rendered inadmissible because instead of being oral they are put by the declarant in the form of a written statement.   *O'Driscoll* v. *Lynn & Boston Railroad,* 180 Mass. 187.   The statute relates to civil procedure only, is remedial in its nature, and therefore should be liberally construed to extend rather than restrict the remedy, and as the declarations offered come within its provisions they were admissible, although their publication preceded the passage of the original act.   *Hewitt* v. *Wilcox,* 1 Met. 154.   *Holmes* v. *Hunt,* 122 Mass. 505, 518, 519.   *Danforth* v. *Groton Water Co.* 178 Mass. 472.   *Rogers* v. *Nichols,* 186 Mass. 440, 443.

According to the terms of the report the verdict must be set aside, and a new trial granted.

*So ordered.*

*J. W. Pickering,* for the plaintiff, submitted a brief.

*W. Charak,* for the defendant.