### UNITED STATES v. GWYNNE.

(District Court, E. D. Pennsylvania. January 6, 1914.)

Nos. 3–5.

1. COURTS (§ 348*)—FEDERAL PRACTICE—EVIDENCE—ADMISSIBILITY—WHAT LAW GOVERNS.

Admissibility of testimony in criminal cases in the federal courts is determined by the laws of the states as it was when the federal courts were established by Judiciary Act 1789 (Act Sept. 24, 1789, c. 20, 1 Stat. 73).

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 922; Dec. Dig. § 348.*]

2. WITNESSES (§ 61*)—COMPETENCY—HUSBAND AND WIFE.

At common law, as applied prior to 1789, a wife was not a competent witness for or against her husband on grounds of public policy, subject to the exception that she was entitled to testify against him in a criminal proceeding for injury to her involving a direct violence to her person; but such exception did not include injuries suffered by her prior to marriage, and hence she was not competent to testify against him in the prosecution for bringing her from one state to another for immoral purposes prior to marriage.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 163, 174–176; Dec. Dig. § 61.*]

Evan L. Gwynne was convicted of bringing Anna Ward from one city to another for immoral purposes, and moves to arrest of judgment and for a new trial. Motion for new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

209 F.—63

John H. Hall, Asst. U. S. Atty., and Francis Fisher Kane, U. S. Atty., both of Philadelphia, Pa. Paul Freeman, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The defendant was indicted under the Mann Act (Act June 25, 1910, c. 395, 36 Stat. 825 [U. S. Comp. St. Supp. 1911, p. 1343]), for the illegal transportation of one Anna Ward from Philadelphia to Baltimore. After the commission of the alleged offense, the defendant and Anna Ward were lawfully married, and the marriage relation existed at the time of the trial. The district attorney offered the wife as a witness. Defendant's counsel objected on the ground of privilege. The objection was overruled, and the witness was permitted to testify.

If it had been shown that the offense was committed during the existence of the marriage relation, the present motion would be overruled upon the ground stated by Judge McPherson in his memorandum in the case of United States v. Rispoli (D. C.) 189 Fed. 271, viz.:

"That the offense charged was against the wife's person as really as if the defendant were charged with threatening to inflict physical violence, or of having actually struck her. In cases where the wife's personal rights were concerned, the exceptions to the husband's privilege should be benevolently regarded, and the offense in question was essentially within the spirit of the long-established rule that allows her to testify in protection or in vindication of her right to be secure in her person against threat or assault, even by her husband."

[1] The admissibility of testimony in criminal cases in the federal courts must be determined by the law of the states as it was when the courts of the United States were established by the Judiciary Act of 1789. United States v. Reid, 12 How. 361, 13 L. Ed. 1023; Logan v. United States, 144 U. S. 263, 12 Sup. Ct. 617, 36 L. Ed. 429.

[2] It is too well established to be questioned that at the common law as applied prior to 1789 a wife is not a competent witness for or against her husband, and this is so, not on account of interest, but on the ground of public policy. Stein v. Bowman, 13 Pet. 221, 10 L. Ed. 129; Graves v. United States, 150 U. S. 121, 14 Sup. Ct. 40, 37 L. Ed. 1021.

A familiar exception to the well-known rule is in cases of violence upon her person, in which case the wife is a competent witness directly to criminate her husband, and it was because an offense under the Mann Act was held to come within the exception, where the wife was the injured party, that she was permitted to testify against her husband in the Rispoli Case. The industry of the assistant district attorney has not enabled him to point to any authority for extending the exception to the common-law rule to an injury committed upon the person of the woman prior to her marriage. The question does not seem to have been raised in the federal courts, but the decisions in the state courts in construing the exception to the common-law rule and the statutes establishing a similar exception to the common law are against the position of the government's counsel. The question is very thoroughly discussed in the case of People v. Curiale, 137 Cal. 534, 70 Pac. 468, 59 L. R. A. 588, in construing a statute, and by the Su-

preme Court of Tennessee in Norman v. State, 155 S. W. 135, where the rule of the common law was applied. It is apparent that the exception to the rule of privilege prohibiting husband or wife from testifying against each other applies only to injuries inflicted or threatened during the existence of the marriage relation. In other words, the exception deals with the parties in the marriage relation and not as to acts committed before the marriage. The ground of the relaxation of the rule is the necessity for the protection of the wife from personal or other injury at the hands of her husband during the marital relation. The rule is based upon public policy. As was stated by Mr. Justice McLean in Stein v. Bowman, 13 Pet. 209, 10 L. Ed. 129:

"This rule is founded upon the deepest and soundest principles of our nature—principles which have grown out of those domestic relations that constitute the basis of civil society, and which are essential to the enjoyment of that confidence which should subsist between those who are connected by the nearest and dearest relations of life. To break down or impair the great principles which protect the sanctities of husband and wife would be to destroy the best solace of human existence."

If the exception to the rule is to be extended to cover acts committed prior to coverture, such extension is within the power of Congress and not of the courts.

It is urged by the district attorney that the exclusion of the wife's testimony in cases like the present will afford a means for defendants to escape punishment by the expedient of marrying the party injured who may be in many cases the chief and only witness for the government. The well-settled rules of evidence founded on sound reasons of public policy cannot be set aside to meet the exigencies of cases under particular statutes. It is the duty of the court to apply the law as it exists.

I am satisfied that there was error in permitting the defendant's wife to testify against him, and a new trial will therefore be granted.