## AMERICAN RY. EXPRESS CO. v. ROWE et al.

(Circuit Court of Appeals, First Circuit. August 17, 1926.)

No. 1939.

1. Courts ⬅376—Evidence ⬅317(18)—Attorney's testimony as to statements made by deceased while in hospital after injury held admissible under statutes (G. L. Mass. c. 233, § 65; Rev. St. U. S. § 721 [U. S. Comp. St. § 1538]).

In action of tort to recover damages for conscious suffering and death of plaintiff's testator, testimony of attorney as to statements made by deceased while in hospital after injury *held* admissible under G. L. Mass. c. 233, § 65, and Rev. St. U. S. § 721 (U. S. Comp. St. § 1538).

2. Courts ⬅337.

Rev. St. § 721, requiring state laws, except where Constitution, treaties, or statutes of United States otherwise require, shall be rules of decision in federal courts, does not apply to criminal cases (Comp. St. § 1538).

3. Courts ⬅376—Evidence ⬅317(18)—That deceased's deposition might have been taken held not to affect admissibility under statute of testimony as to statements made by him (G. L. Mass. c. 233, § 65; Rev. St. U. S. § 721 [U. S. Comp. St. § 1538]).

In action for conscious suffering and death of plaintiff's decedent, that deceased's deposition might have been taken *held* not to affect admissibility, under G. L. Mass. c. 233, § 65, and Rev. St. U. S. § 721 (U. S. Comp. St. § 1538), of attorney's testimony as to statements made by him after injury.

Johnson, Circuit Judge, dissenting.

In Error to the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

Action by Bert Rowe and another, executors of the estate of George Rowe, against the American Railway Express Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Austin M. Pinkham, of Boston, Mass., for plaintiff in error.

John H. Casey, of Boston, Mass. (Ernest Foss, of Newburyport, Mass., on the brief), for defendants in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This is an action of tort, brought by the executors of the estate of George Rowe, late of Seabrook, N. H. The declaration contains two counts; one to recover damages for conscious suffering and pain, and the other for the death of their testator, alleged to have been caused by the negligence of the defendant in operating a baggage truck on the platform of a railroad station in Newburyport, Mass., on October 27, 1923.

The deceased was 92 years of age, and by reason of collision with the truck sustained a fracture of one of his thighs. He was taken to a hospital in Newburyport, and later to his home in New Hampshire, where he died about 3 weeks later.

[1] No living witness saw the truck strike the deceased. The deceased was visited at the hospital, 3 or 4 days after the accident, by an attorney employed by his son, who was afterwards appointed one of the executors, and in response to questions of the attorney gave answers which covered what he knew in regard to how the accident took place. This statement was not introduced in evidence, but the lawyer who visited the deceased at the hospital was permitted, over the objection of the defendant, to testify, after refreshing his recollection from the written statement which had been prepared and signed by the deceased, as to questions asked and the answers given.

If this evidence was competent, we think the judgment below must be affirmed, for from all the evidence the jury would be warranted in finding: That the plaintiff's intestate, a man 92 years of age, on the afternoon in question, was at the Boston & Maine station in Newburyport, Mass., for the purpose of taking a train for his home in Seabrook, N. H.; that shortly before the arrival of his train he left the men's waiting room by the door leading to the platform, and turned towards the right, going in a northeasterly direction, with the view of entering the smoking car when the train arrived; that after proceeding a short distance on the platform, and when within 2 or 3 feet of the place occupied by the newspaper stand in the summer time, he was struck in the back by the defendant's truck, knocked down, and received the injuries complained of; that at the time he came out of the station he did not observe the truck, and knew nothing about its approach until he was struck and knocked down; that the truck was some 9 feet long, 5 feet wide,

and weighed 500 pounds, and at the time was being drawn by an express messenger, who was at its front end, having hold of the tongue or handle with his left hand, steering the truck, and having hold of the truck with his right hand, near the right corner, pulling it; that the truck had been taken from the express office at the southwesterly or Boston end of the station, and drawn northeasterly towards the Portsmouth or Seabrook end of the station, past the ladies' entrance, the ticket office, and the gentlemen's entrance; that the ticket office portion of the station extended out into the platform some 5 feet or more beyond the vestibules to the gentlemen's and ladies' entrances; that the messenger, in his northeasterly course from the express office, had proceeded with the truck at a distance of some 4 feet from the station building, swerving out as he passed the ticket office, and swerving in again as he passed the gentlemen's entrance; that as he passed the gentlemen's entrance he gave no heed as to whether people were going in or out there, but did observe, as he passed the ticket office and the gentlemen's entrance, people standing opposite thereto and midway of the platform near posts that were about 15 feet out from the entrance, and which supported the shed or canopy of the station; that he at no time observed the deceased, though he could, had he looked; and that the accident was due to his failure to exercise due care in this particular.

The crucial question is whether, under General Laws of Massachusetts, c. 233, § 65, the declarations made by the deceased in answer to the questions of the attorney were admissible in evidence. Section 65 is as follows:

"A declaration of a deceased person shall not be inadmissible in evidence as hearsay if the court finds that it was made in good faith before the commencement of the action and upon the personal knowledge of the declarant."

The Massachusetts statute is an extension of the exceptions to the anti-hearsay rule. Brooks v. Holden, 175 Mass. 137, 140, 55 N. E. 802; Hall v. Reinherz, 192 Mass. 52, 77 N. E. 880.

We hold that the evidence was admissible under R. S. § 721 (Comp. St. [1916] § 1538):

"The laws of the several States, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

This section originated in section 34 of

the Judiciary Act of 1789 (1 Stat. 92). It has been uniformly construed to cover state statutes changing the rules of evidence, except when thus direct conflict with a federal statute would result.

A case exactly in point is Conn. M. L. Ins. Co. v. Union Trust Co., 112 U. S. 250, 5 S. Ct. 119, 28 L. Ed. 708, in which it was held that the provision in the New York Civil Code excluding evidence of a doctor, obtained in a professional capacity, was binding on the courts of the United States sitting within that state in trials at common law, under R. S. § 721, that the laws of the several states, except where the Constitution, treaties, and statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law in the courts of the United States. In the opinion Mr. Justice Harlan says, citing R. S. § 721:

"This has been uniformly construed as requiring the courts of the Union, in the trial of all civil cases at common law, not within the exceptions named, to observe, as rules of decision, *the rules of evidence prescribed by the laws of the states in which such courts are held*"—citing Potter v. National Bank, 102 U. S. 163, 26 L. Ed. 111; Vance v. Campbell, 1 Black, 427, 17 L. Ed. 168; Wright v. Bales, 2 Black, 535, 17 L. Ed. 264; McNiel v. Holbrook, 12 Pet. 84, 9 L. Ed. 1009; Sims v. Hundley, 6 How. 1, 12 L. Ed. 319. (Italics supplied.)

The exceptions to the rule also illustrate the proper application of the rule.

In Whitford v. Clark County, 119 U. S. 522, 7 S. Ct. 306, 30 L. Ed. 500, a deposition was admitted, although the witness was actually in court, contrary to the provision of R. S. § 865. This was held wrong, the court saying (page 525 [7 S. Ct. 308]):

"When the statutes of the United States make special provisions as to the competency or admissibility of testimony, they must be followed in the courts of the United States, and not the laws or the practice of the state in which the court is held when they are different."

Ex parte Fisk, 113 U. S. 713, 5 S. Ct. 724, 28 L. Ed. 1117, relied upon by the express company, was habeas corpus to release Fisk, who had been committed for contempt for failure to give his deposition before trial under the New York Code, which authorized the taking of deposition in a manner inconsistent with the deposition provisions of the Federal Code. Fisk was ordered set free. But Justice Miller in his opinion says, referring to R. S. § 720:

"It has been often decided in this court

that in actions at law in the courts of the United States, the rules of evidence *and the law of evidence generally of the states prevail in those courts.* * * * The New York statute would, if in force, repeal or supersede the act of Congress." (Page 725 [5 S. Ct. 729].)

All that was really decided in the Fisk Case was that the New York statutory provisions as to depositions could not be substituted for the federal statutory provisions as to depositions. The general rule still obtains that, unless there be conflict with a federal statute, the state rule as to evidence prevails.

In Potter v. National Bank, 102 U. S. 163, 26 L. Ed. 111, R. S. § 858, was applied in a federal court sitting in Illinois, although the Illinois statute made the testimony of the executor incompetent. Section 858 provides (page 163):

"In the courts of the United States no witness shall be excluded in any action on account of color, or in any civil action because he is a party to or interested in the issue tried: Provided, that in actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party, or required to testify thereto by the court. In all other respects the laws of the state in which the court is held shall be the rules of decision as to the competency of witnesses in the courts of the United States in trials at common law and in equity and admiralty."

But on page 165, the court (Harlan, J.) refers to R. S. § 721, as applicable, *except where there is an express contrary inconsistent federal provision.*

In Sims v. Hundley, 6 How. 1, 6 (12 L. Ed. 319), a notary's certificate of protest, made admissible under the statute of Mississippi, was held admissible in the federal court sitting in Mississippi; Taney, C. J., saying:

"The rules of evidence prescribed by the statute of a state are always followed by the courts of the United States, when sitting in the state, in commercial cases as well as in others."

In McNiel v. Holbrook, 12 Pet. 84, 88, 9 L. Ed. 1009, Taney, C. J., held a statute of Georgia, making certain written instruments competent without proof of the handwriting, applicable in the federal court under what is now R. S. § 721.

In Wright v. Bales, 2 Black, 535, 17 L. Ed. 264, the headnote accurately states the decision:

"The statutory enactments of the States of the Union, in respect *to evidence* in cases at common law, are obligatory upon judges of the courts of the United States, who are bound to apply them as rules of decision."

The federal Circuit-Court (which was the trial court) had refused to apply the Ohio statute removing disqualifications because of interest. The case was sent back for a new trial.

Vance v. Campbell, 1 Black, 427, 430, 17 L. Ed. 168, is to the same effect. In American Ag. Chem. Co. v. Hogan, 213 F. 416, 130 C. C. A. 52, this court held that the Massachusetts rule, allowing former testimony of a witness to be introduced for the purpose of impeaching his subsequent testimony without his attention having first been called to the former testimony, will be followed by the federal court sitting in this state. The opinion was by Brown, J., who says (page 420 [130 C. C. A. 56]):

"Ordinarily the rules of evidence and the law of evidence of the state prevail in the federal court sitting within the limits of the state."

[2] R. S. § 721, does not apply to criminal cases. See Logan v. United States, 144 U. S. 263, 299, 12 S. Ct. 617, 36 L. Ed. 429 et seq., where there is an instructive review of the statutes and earlier cases by Mr. Justice Gray. Compare United States v. Gwynne, 209 F. 993, 994.

In Nelson v. First National Bank, 69 F. 798, 16 C. C. A. 425, Judge Sanborn states the rule as follows in dealing with the application of a state statute to the certificate of protest of a promissory note, page 801, 16 C. C. A. 428:

"And the rules of evidence prescribed by the statute of a state are declared by act of Congress to be 'rules of decision in trials at common law in the courts of the United States,' 'except where the Constitution, treaties, or statutes of the United States otherwise require or provide.'"

Compare 2 Foster's Fed. Prac. (4th Ed.) § 372, and G. & C. Merriam Co. v. Syndicate Pub. Co. (C. C. A.) 207 F. 515, where Judge Hand sustained an exception to the hearsay rule (page 518) and his opinion was adopted by the Court of Appeals. Compare Wigmore, Ev. §§ 1420, 1421, et seq.; 22 C. J. 216 et seq., notes and cases. Compare, also, 25 C. J. 817, and notes; Id. p. 828.

[3] In our opinion, the authorities show that the court below was entirely right in applying the Massachusetts statute. The fact that Rowe's deposition might perhaps have been taken does not bring the case within the principles laid down in the Fisk Case and other similar cases. In fact, he died without his deposition being taken. The executors were not, therefore, offering a deposition taken in a manner other than that provided in the federal statutes, in the Fisk Case held applicable before the Act of March 9, 1892 (27 Stat. 7 [Comp. St. § 1476]), changed the law.

The Massachusetts statute is in no way inconsistent with any federal statute.

In Fourth Nat. Bank v. Albaugh, 188 U. S. 734, 737, 23 S. Ct. 450, 451, 47 L. Ed. 673, the court said:

"In these days, when the whole tendency of decisions and legislation is to enlarge the admissibility of hearsay, where hearsay must be admitted or a failure of justice occur, we are not inclined to narrow the lines."

Cf. Mattox v. United States, 156 U. S. 237, 243, 244, 13 S. Ct. 50, 36 L. Ed. 917. Commonwealth v. Trefethen, 157 Mass. 180, 31 N. E. 961, 24 L. R. A. 235.

The judgment of the District Court is affirmed, with costs to the defendants in error.

JOHNSON, Circuit Judge (dissenting). Section 861, Revised Statutes (Comp. St. § 1468), of the United States is as follows:

"The mode of proof in the trial of actions of common law shall be by oral testimony and examination of witnesses in open court, except as hereinafter provided."

In Ex parte Fisk, 113 U. S. 713, 5 S. Ct. 728 (28 L. Ed. 1117), the court said of this section:

"This obviously means the production of the witness before the court at the time of trial, and his oral examination then; and it does not mean proof by reading depositions, though those depositions may have been taken before a judge of the court, or even in open court, at some other time than during the trial. They would not, in such case, be oral testimony. The exceptions to this section, which all relate to depositions, also show that proof by deposition cannot be within the rule, but belongs exclusively to the exceptions."

Revised Statutes, § 721 (Comp. St. § 1538), is as follows:

"The laws of the several states, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rule of decisions in trials at common law, in the courts of the United States, in cases where they apply."

The ex parte affidavit which the deceased, George Rowe, made in answer to questions by the attorney who had been engaged to bring suit to recover damages for his injuries, was not made admissible in evidence by hav-

ing the attorney who conducted his examination testify as to the questions which he put and the answers which were obtained.

I do not think the statute can be got around by such indirection. I therefore think there was error in the admission of the testimony of the attorney who conducted this examination and who was allowed to place it before the jury, and that the judgment of the District Court should be reversed.