## STEPHENS v. BERNAYS.

### (*District Court, E. D. Missouri, E. D.*   June 7, 1890.)

1. WITNESS—TRANSACTIONS WITH DECEASED PERSON—SUITS AGAINST EXECUTORS.
    Under Rev. St. U. S. § 858, providing that in actions against executors no witness who is a party to the action shall be allowed to testify as to any transaction with the testator, a witness who is not a party, but is interested in the result of an action, may testify concerning transactions between himself and the testator.

2. SAME—CONFLICTING STATE AND FEDERAL LAWS.
    This statute covers the case; and under the rule that, where congress has enacted a law covering a particular case, such law must prevail in the federal courts, though it differs from the state law, Rev. St. Mo. § 8918, on the same subject, does not apply.

At Law.

*George D. Reynolds*, U. S. Dist. Atty., for plaintiff.

*H. A. Loevy*, for defendant.

THAYER, J. The testimony of C. C. Crecilius, taken in connection with other testimony offered by the plaintiff, clearly shows that the deceased assigned his stock in the insolvent bank to Crecilius, the cashier, with intent to evade his liability as a shareholder. According to the testimony of Crecilius, the deceased had not only been advised before the

sale that the bank had sustained considerable losses, but he declared at the time of the sale that his purpose in selling was to avoid his liability as a stockholder. The sale appears to have been made only two days before the bank closed its doors, and no change took place in the condition of the bank in the mean time. Crecilius gave his notes for the stock, instead of paying for the same in money; and according to his statement the notes were to be surrendered, and the sale canceled, if at the end of 60 days the deceased was then assured that the bank was all right. Crecilius himself had little or no means, at the time of the purchase, and was rendered utterly insolvent by the failure of the bank two days later. His object in making the purchase in question was to withdraw the stock from the market, and save the credit of the bank, which was then in a precarious condition. These facts, most of which were established by the testimony of Crecilius, warrant the conclusion that the pretended sale was and is voidable as to creditors of the insolvent bank, who are represented in this proceeding by the receiver. Thomp. Liab. Stockh. § 215, and cases cited.

A question arises, however, and was reserved at the trial, touching the competency of Crecilius to testify against the executrix concerning transactions between himself and the testator. The federal statutes provide (section 858) that—

"No witness shall be excluded  *  *  *  in any civil action because he is a party to or interested in the issue tried: provided, that in actions by or against executors,  *  *  *  in which judgment may be rendered for or against them. neither party shall be allowed to testify against the other as to any transaction with or statement by the testator,  *  *  *  unless called to testify thereto by the opposite party.  *  *  *  In all other respects the laws of the state in which the court is held shall be the rules of decision as to the competency of witnesses in courts of the United States," etc.

The state law on the subject (section 8918, Rev. St. Mo. 1889) provides that—

"No person shall be disqualified as a witness in any civil suit  *  *  *  by reason of his interest in the event of the same, as a party or otherwise:  *  *  *  provided that, in actions where one of the original parties to the contract or cause of action in issue and on trial is dead or  *  *  *  insane, the other party to such contract or cause of action shall not be admitted to testify  *  *  *  in his own favor;  *  *  *  and, where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify," etc.

The first clause of the proviso of section 8918, *supra*, as heretofore construed by the state courts, has much greater scope than the federal statute above referred to. Thus, in *Meier* v. *Thieman*, 90 Mo. 434, 2 S. W. Rep. 435, it was held that by the proviso in question a person was rendered incompetent to testify as to transactions with a decedent in a suit brought by his heirs, although the person tendered as a witness was not a party to the suit. The decision appears to be based on the ground that a witness, to be excluded by the state law, need not be a party to the record, but will be excluded as a witness as to all contracts or trans-

actions between himself and a deceased person, when the witness.has an interest in the result of the suit, whether he is or is not a party to the record.· Hence it is important to determine, in the first instance, whether the competency of Crecilius to testify as to transactions between himself and the decedent is to be tested by federal or state law. The rule is that, where congress has legislated on the subject,·—that is, has enacted a law covering the particular case,—such law must prevail in the federal courts, notwithstanding it differs from the state law. *Potter* v. *Bank*, 102 U. S. 165; *Insurance Co.* v. *Schaefer*, 94 U. S. 458; *Rice* v. *Martin*, 8 Fed. Rep. 476. The state laws control in determining the competency of witnesses only in cases like that of *Packet Co.* v. *Clough*, 20 Wall. 537, which do not fall within any provision of the federal laws.

The case at bar is clearly within the terms of section 858. The effort is to exclude Crecilius as a witness on· the ground of interest; but the first clause of the section declares that interest shall be no disqualification "in any civil action," and the only exception to that rule is that mentioned in the proviso,—that a person called as witness shall not be allowed to testify as to any transactions with or statement by a decedent, if the suit is against his executor or administrator, and the witness is himself an opposing party to the suit, unless the witness is called upon to testify by the executor or administrator. The case at bar seems to be strictly like the case of *Potter* v. *Bank, supra*, in which a person situated as Crecilius is, with respect to the litigation, was held to be a competent witness. Whatever view, therefore, the court might entertain as to the competency of the witness under the state law, it is compelled to hold that he is made a competent witness by the federal statutes. Judgment will accordingly go against the executrix for the amount of the comptroller's assessment; that is, for $3,500, with interest at 6 per cent. per annum, to be computed from September 24, 1889, to this date.