### DE BEAUMONT v. WEBSTER.

(Circuit Court, D. New Jersey. January 2, 1896.)

WITNESS—COMPETENCY—INTERESTED PARTY—REV. ST. § 858.

Rev. St. § 858, contains the whole law governing the courts of the United States in respect to the competency, as witnesses, of interested parties, and no state statute can annex any further qualification to its provisions. Accordingly, *held*, that an interested party could not be wholly excluded as a witness in an action brought in a federal court by an administratrix, but only such parts of his testimony could be rejected as related to transactions with, or statements by, the intestate.

This was a suit brought by Alexandre De Beaumont, and continued after his death by his administratrix, against Warren Webster, for an accounting. The cause was heard on the pleadings and proofs, and at the same time a motion was made to strike out certain testimony of Warren Webster.

Carrie B. Kilgore and David C. Harrington, for complainant.

E. Cooper Shapley and Ernest Howard Hunter, for defendant.

DALLAS, Circuit Judge. Immediately before the argument of this case was entered upon, complainant's counsel presented a motion in writing to strike out the testimony of Warren Webster, on the ground that his examination as a witness on his own behalf occurred after the death of Alexandre De Beaumont, and the substitution of his administratrix as a party plaintiff. This motion has been retained by me, and will now be filed as of December 5, 1895,—the day upon which it was made.

By section 858 of the Revised Statutes of the United States, it is enacted that "* * * no witness shall be excluded * * * because he is a party to or interested in the issue tried:" provided (so far as affects the present case) "that in actions by * * * administrators * * * neither party shall be allowed to testify against the other, as to any transaction with, or statement by, the * * * intestate." This section is the whole law of the matter, and no state statute can, for this court, annex any qualification to the general

competence created by its first clause. Its own proviso prescribes its only limitation, and that proviso, as has been seen, is not that an interested party may not, as against an administrator, testify to anything, but that he shall not be allowed to testify "as to any transaction with, or statement by, the intestate." He is expressly made competent, and it is only as to the matters specified that his testimony is to be excluded. Therefore, as the evidence given by Warren Webster is not confined to transactions with, or statements by, De Beaumont, but extends to and includes other material matters, this motion to strike out all his testimony, "as he was not a competent witness," is erroneously conceived. It proposes too much, and consequently cannot be allowed. Potter v. Bank, 102 U. S. 163; Goodwin v. Fox, 129 U. S. 630, 9 Sup. Ct. 367. The only objection that was made during Webster's examination was "to any testimony on the part of the witness as to conversations with Mr. De Beaumont"; and this objection (without pausing to inquire whether, in view of the alleged assignment by De Beaumont to his wife, it could, if important, be sustained) I have assumed to be a valid one, and accordingly have excluded from consideration all testimony to which it is applicable. To more than this the complainant is, in my opinion, certainly not entitled.

The object of this suit is to compel an accounting by the defendant under an agreement in writing, dated March 21, 1887, between Warren Webster and Elwood S. Webster and Alexandre De Beaumont, by which it was agreed that the business to which it relates should be managed by the said Warren Webster and by said Elwood S. Webster (since deceased) for the joint benefit of the parties. That prior to April, 1888, some business was done in pursuance of this contract, is admitted; but that such business resulted in considerable loss and that nothing is due from the defendant with respect to it, has been conclusively shown, and seems not to be denied. The only substantial question, and the one to which the arguments of counsel have been directed, is as to whether the contract continued in force, and business was transacted under it, after April, 1888. Mr. Thomas B. Harned, as "Atty. of Mr. and Mrs. De Beaumont," on April 19, 1888, sent to Webster Bros. a communication in writing, which Warren Webster understood to import that they meant to cancel the agreement; and, upon Mr. Harned's subsequently expressly informing him that such was its meaning, Mr. Webster accepted and agreed to it. Some question has been made as to Mr. Harned's authority to represent Mr. and Mrs. De Beaumont in the matter, but in my judgment the proofs leave no room for doubt about it; and the subsequent conduct of both Mr. and Mrs. De Beaumont is inexplicable, except upon the assumption that they knew and acquiesced in what Mr. Harned had done, and fully understood that the contract had come to an end. It would not be possible, within reasonable compass, to refer in detail to all the evidence upon this subject, and therefore I content myself with this statement of what I find to be its effect, but may mention, generally, that Mr. De Beaumont's sickness would not satisfactorily account for his withdrawal from all participation in a business in which he believed himself to

be still interested, and to which he had agreed to contribute his personal services; and the long delay which occurred in asserting the continuing subsistence of the contract, especially when considered in connection with the several acts of Mr. and Mrs. De Beaumont in disavowal of it, is quite convincing that they supposed it to have been effectually terminated.

Whether the defendant has, irrespective of this contract, violated any right of the plaintiff or of her intestate, need not be considered. If he has, redress must be sought otherwise than by this suit. All that is now decided is that the accounting demanded cannot be decreed, because the instrument upon which the alleged right to an account is founded had ceased to be operative at the date from which an̄y account, if demandable, would be requisite. Bill dismissed, with costs.