## SCULLY v. SQUIER

ERROR TO THE SUPREME COURT OF THE STATE OF IDAHO.

No. 21. Argued November 5, 1909.—Decided November 29, 1909.

Where plaintiff bases his bill on the contention that under the townsite law, § 2387, Rev. Stat., the ascertainment of boundaries by official survey is a condition subsequent upon which the vesting of the equitable rights of the occupant depends, the construction of a law of the United States is involved, and, if passed on adversely by the state court, this court has jurisdiction under § 709, Rev. Stat., to review the judgment.

The object of local legislation authorized by the townsite law, § 2387, Rev. Stat., is to consummate the grant of the Government to the townsite occupants—not to alter or diminish it—and in this case the construction by the state court of the territorial statute followed to the effect that the trustee and surveyor had no power to alter or diminish the holdings of *bona fide* occupants by laying out or widening streets.

13 Idaho, 428, affirmed.

THE facts are stated in the opinion.

*Mr. H. Winship Wheatley*, with whom *Mr. Ben F. Tweedy* was on the brief, for plaintiff in error:

As to the jurisdiction: The legal title after entry and until patent to the mayor-trustee was in the United States, *Hussey v. Smith*, 99 U. S. 20; *Ashby v. Hall*, 119 U. S. 526; *Cofield v. McClelland*, 16 Wall. 331; *Stringfellow v. Cain*, 109 U. S. 610, and one having an equitable title had an absolute right to have his title confirmed by the trustee under § 2387, Rev. Stat., the townsite law. *Hussman v. Durham*, 165 U. S. 144; *Chever v. Horner*, 142 U. S. 122; *McDonough v. Millandon*, 3 How. 693.

When the question decided by the state court is not merely of weight or sufficiency of evidence but of its competency and effect as bearing on question of Federal law jurisdiction to re-

view exists. *Dower v. Richards,* 151 U. S. 658; *Mackey v. Dillon,* 4 How. 419; *Almonester v. Kenton,* 9 How. 1.

The mayor-trustee was an officer of both the Federal and Territorial governments. *Anderson v. Barlets,* 3 Pac. Rep. 225; *Ming v. Foote,* 23 Pac. Rep. 515; *Helena v. Albertose,* 20 Pac. Rep. 817.

For other cases on the jurisdiction of this court to review decisions involving confirmation of title and authority of United States officers, see *Maguire v. Tyler,* 1 Black, 196; *Carondelet v. St. Louis,* 1 Black, 179; *Mobile Transp. Co. v. Mobile,* 187 U. S. 479; *Canal Co. v. Paper Co.,* 172 U. S. 58; *Hussman v. Durham,* 165 U. S. 144; *Nor. Pac. R. R. Co. v. Colburn,* 164 U. S. 383; *Shively v. Bowlby,* 152 U. S. 1; *Pickering v. Lomax,* 145 U. S. 310; *Anderson v. Carkins,* 135 U. S. 483; *Neilson v. Lagon,* 7 How. 772; *Chouteau v. Eckhart,* 2 How. 334; *Pollard v. Kibbe,* 14 Pet. 353; *Wallace v. Parker,* 6 Pet. 680; *Ross v. Barland,* 1 Pet. 655; *Water Power Co. v. Green Bay Canal Co.,* 178 U. S. 254; 11 Cyc. 936; *Stanley v. Schwalby,* 162 U. S. 255.

Under § 2387, Rev. Stat., the entry initiates the grant collectively and the grant to the individual cannot take effect until the extent of his occupancy has been defined. *Newhouse v. Semini,* 3 Washington, 648, 652; *Ashby v. Hall,* 119 U. S. 526. The grant was not confirmed until the official survey was subsequently filed, and the survey after confirmation cannot be impeached, and power exists to have the grant correctly surveyed before individual rights attach. *Moore v. Walla Walla,* 2 Pac. Rep. 187; *Boise City v. Flanagan,* 53 Pac. Rep. 453; *Laughlin v. Denver,* 50 Pac. Rep. 917; *Galt v. Galloway,* 4 Pet. 332; *Haydel v. Dufresne,* 17 How. 23; *Greer v. Mezes,* 24 How. 268; *Cragin v. Powell,* 128 U. S. 691.

The mayor-trustee had no power to deed any person a part of a surveyed street. *Amador County v. Gilbert,* 65 Pac. Rep. 130; *Pachen v. Ashby,* 1 Pac. Rep. 130; § 3, Idaho Territorial Act; *State v. Webster,* 72 Pac. Rep. 295.

The deeds and the official survey are conclusively binding

upon the defendants in error, and they can have no equitable rights in and to the land claimed by them and have not the legal title to any of it. The land claimed by them forms a part of the Congressional grant to the aggregation, to the city of Lewiston, possession of such land has been, at all times since the acceptance of deeds upon the official survey of D street, if any possession dates back to this period, wrongful and unlawful and the maintenance of a private and public nuisance, giving no possessor thereof any rights in law or in equity as against the city or as against the plaintiff in error. Cases *supra; Woodrull* v. *Mining Co.,* 9 Sawy. 513, 517; *S. C.,* 18 Fed. Rep. 753; *Mills* v. *Hall,* 9 Wend. 315; *McLean* v. *Iron Works,* 83 Pac. Rep. 1083; *Wolfe* v. *Sullivan,* 32 N. E. Rep. 1018; *Hall* v. *Breyfogle,* 70 N. E. Rep. 883; *Blin* v. *Blankenship,* 77 S. W. Rep. 919; *Village of Lee* v. *Harris,* 69 N. E. Rep. 230; *Atlantic City* v. *Snee,* 52 Atl. Rep. 372; *Lewiston* v. *Booth,* 34 Pac. Rep. 809; *Webb* v. *Birmingham,* 9 So. Rep. 161; *Oakland* v. *Oakland Co.,* 50 Pac. Rep. 277; *Orena* v. *Santa Barbara,* 28 Pac. Rep. 268; *Mills* v. *Los Angeles,* 27 Pac. Rep. 354; *Visala* v. *Jacobs,* 4 Pac. Rep. 433; *People* v. *Pope,* 53 California, 437; *Sullivan* v. *Tichner,* 53 N. E. Rep. 759; *Cheek* v. *Aurora,* 92 Indiana, 107; *Lee* v. *Mund Station,* 8 N. E. Rep. 759; *Waterloo* v. *Union Mills Co.,* 34 N. W. Rep. 197; *Louisiana &c. Co.* v. *New Orleans,* 9 So. Rep. 21; *Sheen* v. *Stothart,* 29 La. Ann. 630; *New Orleans* v. *Magoon,* 4 Mart. (La.) 2; *Thibodeaux* v. *Maggiole,* 4 La. Ann. 73; *Witherspoon* v. *Meridian,* 13 So. Rep. 843; *Vicksburg* v. *Marshall,* 59 Mississippi, 563; *Territory* v. *Deegan,* 3 Montana, 82; *Hoboken Land Co.* v. *Hoboken,* 36 N. J. L. 540; *State* v. *Trenton,* 36 N. J. L. 198; *Jersey City* v. *State,* 30 N. J. L. 521; *Tainter* v. *Morrison,* 18 N. J. L. 46; *Cross* v. *Morrison,* 18 N. J. L. 306; *Jersey City* v. *Morris Canal Co.,* 12 N. J. Eq. 547; *Orphan Asylum* v. *Troy,* 32 Am. Rep. 286; *Morrison* v. *New York Co.,* 74 Hun (N. Y.), 398; *Milhau* v. *Sharp,* 27 N. Y. 611; *Mills* v. *Hall,* 9 Wend. (N. Y.), 315; *Commonwealth* v. *Moorhead,* 12 Atl. Rep. 424; *Kopf* v. *Utter,* 101 Pa. St. 27; *Kittaning Academy* v. *Brown,* 41 Pa. St. 269; *Baxter* v. *Com-*

*monwealth,* 3 Penn. & W. 253; *Commonwealth* v. *McDonald,* 16 Serg. & R. (Pa.) 390; *Philadelphia* v. *Crump,* 1 Brewst. (Pa.) 320; *Philadelphia* v. *Friday,* 6 Philadelphia, 276; *Chafe* v. *Aiken,* 35 S. E. Rep. 800; *Sims* v. *Chattanooga,* 2 Lea (Tenn.), 694; *Memphis* v. *Lenore R. Co.,* 6 Coldw. (Tenn.) 412; *Raht* v. *Southern R. Co.,* 50 S. W. Rep. 72; *Pates* v. *Warrenton,* 84 Virginia, 337; *Taylor* v. *Commonwealth,* 29 Gratt. (Va.) 780; *Ralston* v. *Weston,* 33 S. E. Rep. 326; *Teas* v. *St. Albans,* 17 S. E. Rep. 400; *Childs* v. *Nelson,* 33 N. W. Rep. 587; *Simplot* v. *Chicago R. Co.,* 5 McCreary, 158; *Grogan* v. *Hayward,* 6 Sawy. 498; *Miller* v. *Indianapolis,* 101 Indiana, 200.

The enclosure and possession of a platted street which has been dedicated are immaterial, however long continued. Cases *supra; Hall* v. *Breyfogle,* 70 N. E. Rep. 883; *Wolfe* v. *Sullivan,* 32 N. E. Rep. 1018; *Village* v. *Harris,* 69 N. E. Rep. 230.

The possession relied upon by the defendants in error has at all times been wrongful and unlawful and they encroach upon the legal and lawful street with an occupation which deprives the plaintiff in error of his rights under the laws of Congress and he should have a mandatory injunction against them; for the appurtenant rights of the plaintiff in error are not confined to the front of his lot, but extend to that part of the street in front of adjoining lots. *Dooly Block* v. *Salt Lake Co.,* 33 Pac. Rep. 229; *First National Bank* v. *Tyson,* 32 So. Rep. 144; *Lahr* v. *Metropolitan Co.,* 104 N. Y. 268; *Beaver* v. *Baltimore &c. Co.,* 58 Atl. Rep. 21; *Dill* v. *Board,* 10 L. R. A. 281; *Healy* v. *Kelly,* 54 Atl. Rep. 588; *McLean* v. *Llewellyn Iron Works,* 83 Pac. Rep. 1083; *Tilly* v. *Mitchell & Lewis Co.,* 98 N. W. Rep. 969; *Hall* v. *Breyfogle,* 70 N. E. Rep. 883; *Wolfe* v. *Sullivan,* 32 N. E. Rep. 1018; *Atlantic City* v. *Snee,* 52 Atl. Rep. 372; *Bohne* v. *Blankenship,* 77 S. W. Rep. 919.

*Mr. James H. Forney* and *Mr. Isham H. Smith* for defendant in error submitted:

The writ of error should be dismissed. There is no Federal

question. The only question is one of boundary. *Telluride Co.* v. *Rio Grande Ry. Co.*, 175 U. S. 639; *Moreland* v. *Page,* 20 How. 523; *Lanfear* v. *Hunley*, 4 Wall. 204; *McDonough* v. *Milandon*, 3 How. 693; *Almonester* v. *Kenton*, 9 How. 1; *Farmers' Heirs* v. *Eslava*, 9 How. 420; *Farmers' Heirs* v. *Mobile*, 9 How. 451.

The judgment is sustained on grounds other than Federal. *Chapman Land Co.* v. *Bigelow*, 206 U. S. 41; *Rutland R. R. Co.* v. *Central Vermont R. R. Co.*, 159 U. S. 630.

The nature of the grant under the Federal townsite laws, is that of confirmation of rights in existence. No new grant is made—simply the ascertainment of rights already in existence, and their certification. This is analogous to the deed of confirmation described by Blackstone. *Scully* v. *Fix,* 13 Idaho, 471; *Goldberg* v. *Kidd*, 58 N. W. Rep. 574; *Pueblo* v. *Budd*, 36 Pac. Rep. 599; *Cofield* v. *McClelland*, 16 Wall. 334; *Stringfellow* v. *Cain*, 99 U. S. 610; *Town Co.* v. *Maris*, 11 Kansas, 128–151; *Rathbone* v. *Sterling*, 25 Kansas, 444; *Helena* v. *Albertose*, 20 Pac. Rep. 817; *McCloskey* v. *Pac. Coast Co.*, 160 Fed. Rep. 194.

The mayor-trustee and the surveyor were not "granting" lands to these occupants. Their rights and duties were prescribed by the law itself, and neither could by exceeding the power given him, divest property rights nor defeat vested rights. *United States* v. *Thurber*, 28 Fed. Rep. 56; *Parcher* v. *Ashby,* 1 Pac. Rep. 204; *Ashby* v. *Hall*, 119 U. S. 526; *Bingham* v. *Walla Walla*, 13 Pac. Rep. 408; *Goldberg* v. *Kidd*, 48 N. W. Rep. 574; *Cofield* v. *McClelland*, 16 Wall. 334; *Treadway* v. *Wilder*, 8 Nevada, 91; *Alimany* v. *Petaluma*, 38 California, 553; *Aspen* v. *Rucker*, 10 Colorado, 184; *Town Co.* v. *Maris*, 11 Kansas, 128; *Rathbone* v. *Sterling*, 25 Kansas, 444.

Mr. Justice McKenna delivered the opinion of the court.

The relation of the parties to the cause of action is the same in this court as in the state courts, and we will refer to plaintiff

in error as plaintiff and to the defendants in error as defendants.

The pleadings in the case are exceedingly voluminous and equally so are the findings of fact. It is enough for our purpose to say that the city of Lewiston, State of Idaho, was entered as a townsite under § 2387 of the Revised Statutes, hereinafter quoted, and a patent was issued by the United States to the mayor of the city in trust for the occupants of the lands conveyed. In pursuance of the trust the mayor executed conveyances to the predecessors in title of plaintiff and defendants. The rights derived through these deeds, and the occupation of the land preceding and subsequent to them, and the effect of a survey made by one E. P. True, hereinafter referred to, and the plat thereof filed by him, constitute the questions in the case. Plaintiff seeks by this suit to enjoin defendants from encroaching on D street, as laid down on said plat, by certain buildings which, it is alleged, they proposed to erect. It is prayed, besides, that the buildings, if erected before an injunction can be obtained, be declared a public nuisance, "damaging the public and this plaintiff's private rights," and be abated. The special damage alleged is that plaintiff, having erected a building, on what he alleges to be the true boundary line of D street, will be, as it was said in the argument, "put into a hole" by the buildings of defendant projecting beyond it, and that light and air thereto, through the doors and windows of plaintiff's building, will be prevented, and the view therefrom to all parts of D street obstructed, and that "the light and air and view from all parts of the said D street as the said building [plaintiff's building] is constructed, necessarily ensue and benefit the said property materially, and are of great value to the plaintiff, and as is also the right of egress and ingress."

It is further alleged that before erecting his building plaintiff applied to the city engineer to be shown the original south line of D street according to the original survey, and the engineer ran "the lines on the ground according to the said

original survey and plat," and that plaintiff erected his building in accordance therewith, "covering the entire lot."

It is also alleged that the lots owned by defendants were conveyed by the mayor to the original owners according to the original survey, and "deeds thereto accepted according to the said original survey and plat, and said lots have since been conveyed to the defendants and their grantors according to the said original survey and plat." A dedication of the street to the public is averred as hence resulting, and an estoppel against defendants to dispute the survey and plat. The answer of the defendants, in effect, denies the correctness of the survey and plat made by True, and avers that there was an amendment of the latter which exhibited the streets and alleys according to the occupation of the respective claimants of the lots. It is admitted, however, that some of the deeds issued were in accordance with the plat, but it is denied that all the deeds were, and averred "that the same were in accordance with the use and occupation of the lands prior to the survey, and with the said survey and plat, as the same were and had been amended."

The findings of the trial court sustained these averments, and found further that the True survey as originally made disregarded the lines of occupation of the lots, and "ran through buildings then in the actual use and occupancy of the claimants of land and cut off approximately four feet from the north end of buildings there standing and in actual use and occupation of *bona fide* claimants."

A decree was passed dismissing the suit, which was affirmed by the Supreme Court. 13 Idaho, 417.

All of the parties, as we have said, derived their rights and titles under § 2387 of the Revised Statutes. providing for the reservation and sale of townsites on the public lands. That section is as follows:

" (Entry of town authorities in trust for occupants.) Whenever any portion of the public lands have been or may be settled upon and occupied as a townsite, not subject to entry

under the agricultural preëmption laws, it is lawful, in case such town be incorporated, for the corporate authorities thereof, and, if not incorporated, for the judge of the county court for the county in which such town is situated, to enter at the proper land office, and at the minimum price, the land so settled and occupied in trust for the several use and benefit of the occupants thereof, according to their respective interests; the execution of which trust, as to the disposal of the lots in such town, and the proceeds of the sales thereof, to be conducted under such regulations as may be prescribed by the legislative authority of the State or Territory in which the same may be situated."

We have not recited, nor do we think that it is necessary to recite, all of the facts found by the lower courts. We may add to those which we have stated that the city of Lewiston was incorporated under the laws of the Territory of Washington, it then being within that Territory, and was reincorporated by an act of the legislature of Idaho in 1866, it then being within Idaho. The act defined the boundaries of the city. Levi Ankeny was mayor of the city in 1871, and on November 21 of that year he filed his declaratory statement No. 39 in the United States land office at Lewiston, proposing to enter the lands included within the borders of the city as incorporated, in trust for its inhabitants, claiming settlement in 1861. Cash entry was made for the lands June 6, 1874, by Henry W. Stainton, mayor, in trust for the inhabitants. "The legislature of the Territory, [we quote from the opinion of the Supreme Court of the State, 13 Idaho, p. 428] by an act approved January 8, 1873 (7th Sess. Laws, p. 16), provided for the survey, platting and disposal of the land in the city of Lewiston pursuant to the United States statutes in regard to such matters. Said act provides that the mayor-trustee shall cause to be made and filed in his office by a competent person a plat of the land within said city, divided into blocks and lots, and 'to make and deliver to the *bona fide* occupants of such portions of said lands described in said patent from the Government of

the United States who may be entitled thereto, good and suf-
ficient deeds of conveyance in fee simple according to their
respective rights.'

"Under the provisions of said laws one E. B. True was em-
ployed to survey and plat the lands in said town, and was
commanded to adjust said plat so as to conform to the con-
ditions of the improvements and the use and occupation of
such lands by the settler, and the mayor was required to make
and deliver to the *bona fide* occupants of such lands good and
sufficient deeds of conveyance in fee simple, according to their
respective interests, under the provisions of said law.

"It appears from the evidence in the case that said True
made a plat of said town, including block 24, in which block
are the lots involved in this case, so as to make the lots about
forty-six feet long, north and south, when, as a matter of fact,
most, if not all, of the lots in that block were fifty feet long,
north and south, as indicated by the buildings and other im-
provements thereon."

The Supreme Court said, 13 Idaho, p. 429:

"The question is fairly presented as to whether said True
had any authority whatever to make said plat so as to inter-
fere with and cut off a part of the buildings and improvements
of the occupants of such lots. In other words whether under
the law a surveyor, who is employed to plat such a townsite
after its entry by the proper officer, can widen a street, and in
doing so cut off a portion of the buildings and improvements
of the lot owners bordering on such street."

The question was answered in the negative, and the judg-
ment of the trial court, which was adverse to plaintiff, was
affirmed. In some aspects the answer may be said to have
been put upon the statute of the State of January 8, 1873,
providing for the survey, platting and disposal of the land.
The court observed that there was no dispute that the evidence
established that the defendants claimed and occupied their
lots to the extent they had claimed for many years prior and
subsequently to the survey, and that it was not shown or

claimed that part of the lots was used as a street, nor that the city ever claimed any part of them as a street. And it was said (p. 433): "The city surveyor cannot make any portion of said lots a street by simply making a plat and indicating on such plat that said lots were only forty-five or forty-six feet in length." The claim by defendants was of fifty feet. The court further said (p. 433): "The mayor-trustee, had no judicial power in this matter—neither had the surveyor. The surveyor and mayor cannot dedicate to the public as a street parts of lots occupied and possessed by individuals." This, it may be contended, is a mere construction of the statute of the State of Idaho, and nothing more, in other words, a decision that under the statute there was no power given to make a survey or plat which did not conform to the lines of occupation. The contention of plaintiffs, however, is that "the laws of Congress authorize an official ascertainment" of the boundaries of the city, and "that the equitable right under the said laws of Congress vests upon a condition subsequent, which is that the owner of the equity must within a reasonable time have his right confirmed by the trustee upon an official survey ascertaining and settling its boundaries and nature, and that the laws of Congress require each townsite occupant to see to it that the official ascertainment is true and correct and satisfactory before accepting confirmation of his equitable rights from the mayor, trustee." It is hence insisted that a construction of the laws of Congress is involved. This contention, we think, is the basis of plaintiff's bill of complaint, and it seems also to have been passed on by the Supreme Court of the State. The court said (p. 433): "The appellant [plaintiff in error here] rests his case here on the making and approval of said plat," (that is, the plat made by True,) and the contention was discussed. We think, therefore, the motion to dismiss should be overruled.

But a little more discussion is necessary to pass on its merits. Section 2387 constitutes the grant of title, and it is very explicit as to grantees, to the matter granted, and for whose use

it is granted. The grant is of lands occupied as a townsite, the grantees are the corporate authorities thereof, or the judge of the county court where the town is situated, "in trust for the several use and benefit of the occupants thereof, according to their respective interests." And the legislation of Idaho, enacted in pursuance of § 2387, provides, as·we have seen, that the mayor shall cause to be made and filed in his office a plat of the land divided into lots and blocks, but it is also provided that he is required, as trustee, "to make and deliver to the *bona fide* occupants of such portions of said lands described in said patent from the Government of. the United States, who may be entitled thereto, good and sufficient deeds of conveyance in fee simple, according to their respective rights." The object of the state legislation, therefore, was to consummate the grant of the Government to the occupants of the land, not to alter or diminish it. The grant was through the mayor to the occupants of the lands. The extent of their occupation was the extent of their rights; determined, therefore, the relation of their lots to the streets and alleys; fixed the location of the streets and alleys. Or, as it is epigrammatically expressed by the Supreme Court of the State, "It must be kept in mind that Lewiston existed prior to the True survey. The settlers did not acquire their right under the plat nor by virtue of it. The survey and plat was made for them; they were not made for the survey and plat." But we need not make a universal application of this. It is enough for the present case that the Supreme Court so construed the power of the mayor and the surveyor under the Idaho statute. It may well be contended, however, that the Supreme Court expressed a principle that has broader application, expressed as well the meaning of the act of Congress. In *Ashby* v. *Hall*, 119 U. S. 526, this court said (p. 529), speaking by Mr. Justice Field, "That the power vested in the legislature of the Territory (Montana) in the execution of the trust· (under § 2387), upon which the entry was made, was confined to regulations for the disposal of the lots and the proceeds of the sales. These regulations might

extend to provisions for the ascertainment of the nature and extent of the occupancy of different claimants of lots, and the execution and delivery to those found to be occupants in good faith of some official recognition of title, in the nature of a conveyance. But they could not authorize any diminution of the rights of the occupants when the extent of their occupancy was established. The entry was in trust for them, and nothing more was necessary than an official recognition of the extent of their occupancy. Under the authority conferred by the townsite act the legislature could not change or close the streets, alleys and blocks of a town by a new survey. Whatever power it may have had over them did not come from the act, but, if it existed at all, from the general grant of legislative power under the organic act of the Territory." See also *Stringfellow* v. *Cain*, 99 U. S. 610; *Cofield* v. *McClelland*, 16 Wall. 331; *Hussey* v. *Smith*, 99 U. S. 20. Many state cases are to the same effect, and may be found in the notes to § 2387 in the United States Federal Statutes Annotated, vol. 6, page 344 *et seq.*

Further discussion is unnecessary. Plaintiff's other contentions are either disposed of by the facts found by the state courts or do not present Federal questions.

*Judgment affirmed.*